## 66513. HENDERSON v. THE STATE.

McMurray, Presiding Judge.

The state filed a petition for the revocation of defendant's probation, alleging that defendant "violated the following terms and conditions of probation in the following particulars: On January 13, 1983, defendant did violate rules of the Diversion Center, Albany, Ga. when she did commit the offense of Theft By Taking." After a hearing, the trial court found that "defendant violated [the terms of probation] as set forth in [the] Petition. On January 13, 1983, the defendant had in her possession articles of jewelry that did not belong to her in violation of Center Rules." The court ordered that two years of her probated sentence be revoked, the sentence to be served consecutively to the confinement ordered with a previous partial revocation of probation. Defendant appeals. *Held:*

1. Defendant first contends that the judgment cannot stand because of a fatal variance between the grounds asserted in the petition and the ground upon which the revocation was based. It is indeed well settled that probation cannot be revoked "for a reason other than that stated in the revocation petition." *Moore v. State,* 165 Ga. App. 59 (299 SE2d 138). We are not persuaded, however, that the

trial court based its decision on a reason other than the theft by taking alleged in the petition. We are not constrained to read the revocation order in isolation. "From the record, both the defendant and the appellate court can ascertain the basis for revocation of the defendant's probation." *State v. Brinson,* 248 Ga. 380 (1), 381 (283 SE2d 463). We have the record and the transcript of the revocation hearing to shed light upon the intended meaning of the language used in the order. At the hearing, the trial court stated: "If I believe she had permission to take those items from the house, if I believe that, I am not going to revoke her probation." This evinces that the trial court limited its decision to the specific violation alleged in the petition, and we thus find no error.

2. Defendant next contends that the judgment is not supported by the evidence. "Theft or larceny is the taking of the property of another, either from his possession or from the possession of someone holding the same for him, without the owner's consent, and with the intent to deprive the owner of the same or of its value, and to appropriate it or the proceeds thereof to the use and benefit of the person taking." *Stull v. State,* 230 Ga. 99, 100 (1) (196 SE2d 7). See OCGA § 16-8-2 (formerly Code Ann. § 26-1802 (Ga. L. 1968, pp. 1249, 1290; 1974, pp. 468, 469; 1975, pp. 876, 877; 1978, pp. 2257, 2258)). The defense in the case sub judice was founded upon asserted consent. Not only did defendant assert that she was given permission to take the jewelry, but also one of the state's key witnesses, the alleged victim, testified that he gave her permission. The state sought to impeach this witness with a prior inconsistent statement (see OCGA § 24-9-81 (formerly Code Ann. § 38-1801 (Ga. L. 1945, p. 227; 1947, p. 568))), obviously with success because the trial court found the witness' testimony to be "a little bit incredible." Defendant argues, however, that the state failed to prove lack of consent.

Pretermitting this entire issue of consent, we find that the crime was completed even before consent was assertedly requested and granted. "Theft by taking consists [of] an unlawful appropriation of property with the intention of depriving the true owner. Code Ann. § 26-1802 [now OCGA § 16-8-2]. Larceny is completed when there is an asportation, however slight, and although the goods are not removed from the land of the owner." *Hawkins v. State,* 130 Ga. App. 277 (1) (202 SE2d 837). Thus, the moment defendant removed the jewelry from the place it was kept with the intention of stealing it, the crime was complete. There is no conflict in the evidence that this occurred. "Further, only slight evidence is necessary to revoke a probated sentence. The quality or quantity necessary for revocation is not that demanded for conviction of a crime." *Green v. State,* 158 Ga. App. 864, 865 (282 SE2d 417). Therefore, regardless of any consent that

may have been obtained subsequently, the evidence shows that defendant committed a theft by taking, which certainly authorizes revocation of her probation.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 8, 1983.

*Harlan M. Starr,* for appellant.

*Stephen A. Williams, District Attorney, Marcus R. Morris, Steven M. Harrison, Assistant District Attorneys,* for appellee.