Sognier, Judge.
Appellant, a juvenile 15 years of age, was adjudicated a delinquent on charges of burglary and aggravated assault. He contends on appeal the trial court erred by denying his motions to strike testimony relating to his out-of-court and in-court identification. He also contends that without the identification testimoñy the evidence is insufficient as a matter of law to support his adjudication as a delinquent.
Rick Miller and Lynn Sherry returned to Miller’s home and found the front door ajar. The deadbolt was broken loose from the door frame, so Miller sent Sherry to call the police. While she was gone Miller heard footsteps in his house; the door opened and a per *152 son later identified as appellant stuck his head out the door. When confronted by Miller appellant started down the steps brandishing a seven foot piece of door casing with nails in it. Appellant stepped back and ran; Miller heard the board hit the ground behind him. Appellant was apprehended two or three hours later while burglarizing another home a few blocks from Miller’s home. Because appellant’s clothing and physical characteristics fit the description Miller gave of the person who burglarized his home, the police took appellant to Miller’s house where Miller identified appellant, who was sitting in a police car and had a flashlight shined on him, as the person who burglarized his home. Appellant and other defense witnesses testified that he was at home during the time Miller’s house was burglarized.
1. Appellant contends that the police took him to Miller’s house in violation of the Juvenile Court Act (OCGA § 15-11-19), and, therefore, the pretrial identification deprived him of his rights under that Act. He also contends the show-up and in-court identifications were tainted by the impermissibly suggestive show-up procedure used by the police.
OCGA § 15-11-19 (a) provides, in pertinent part: “A person taking a child into custody, with all reasonable speed and without first taking the child elsewhere, shall: ... (3) Bring the child immediately before the juvenile court or promptly contact a juvenile court intake officer . . .” Appellant argues that the police violated this provision of the Code by taking appellant to Miller’s house for identification, as the Code requires that certain actions be taken “without first taking the child elsewhere.” Appellant contends taking him to the show-up fixed his face and features in Miller’s memory, predetermining the results of any future identification. We do not agree.
Appellant was apprehended while burglarizing a home and because he gave a non-existent home address, he was taken to the police station for processing at approximately 2:00 a.m. While one officer was writing up charges on appellant a second officer noticed that appellant’s clothing, hair and physical description matched Miller’s description of the person who burglarized his house. The officers then took appellant to Miller’s home to see if he could identify appellant. This was done, and appellant was then taken to his residence; his mother was not home so appellant’s grandmother was told of appellant’s arrest. He was then taken directly to DeKalb County Juvenile Court. We find nothing prejudicial in this procedure. “While the language of the statute required the doing of a certain thing, that is, taking him immediately before the juvenile court . . . such language would generally be construed as directory and not as a limitation of authority and particularly so where no injury appears to have resulted from the fact that the police officer after his arrest took him by the victim’s house for further identification before proceeding directly to *153 the juvenile home.” B. G. v. State, 143 Ga. App. 725, 729 (4) (240 SE2d 133) (1977); Paxton v. State, 159 Ga. App. 175, 178 (1) (282 SE2d 912) (1981). We find no injury or deprivation of appellant’s rights under the circumstances of this case. Any deviation from the provisions of the statute was minimal, as appellant was arrested, processed, identified at Miller’s home, taken by his residence and taken to juvenile court within a period of approximately two hours.
Appellant also contends the show-up confrontation at Miller’s house was tainted because Miller only observed appellant for about five seconds when he came out of Miller’s house and it was dark. Thus, argues appellant, considering the time Miller had to observe appellant in the back seat of the car, there was a substantial likelihood of misidentification. These contentions are without merit.
Miller described appellant to police as a black male 18 to 20 years old weighing 150 to 160 pounds with very short hair like it had been shaved; about 6'1" or 6'2" tall; and wearing a red T-shirt and light colored, blue stained pants. When appellant was apprehended about three hours after the burglary he was wearing a red T-shirt and faded blue jeans, almost white. His physical description matched the description given by Miller.
In Neil v. Biggers, 409 U. S. 188, 198 (93 SC 375, 34 LE2d 401), the Supreme Court of the United States stated that the primary evil to be avoided in arguably suggestive pretrial identification procedures is a very substantial likelihood of irreparable misidentification. In determining this question the court set forth five criteria to consider in determining whether, under the totality of the circumstances, there was a likelihood of misidentification which would violate a defendant’s due process rights. Those factors include the opportunity of the witness to view the criminal at the time of the crime; the witness’ degree of attention; the accuracy of the witness’ prior description of the criminal; the level of certainty demonstrated by the witness at the confrontation; and the length of time between the crime and the confrontation. Id. at 199.
Applying these factors to the instant case, we do not find the show-up so suggestive as to result in the likelihood of misidentification. Miller gave a detailed and accurate description of appellant’s clothing and physical characteristics to the police; he was positive of appellant’s identification; and the confrontation occurred about five hours after the crime was committed. Although Miller only viewed appellant about five seconds at the scene of the crime, his attention was riveted on appellant, who was brandishing a large stick of wood. Under the totality of the circumstances, we find no likelihood of misidentification. Hence, the in-court identification was not tainted by the pretrial show-up.
2. Appellant’s contention that the evidence is insufficient to sup *154 port the adjudication of delinquency as a matter of law is based on his arguments that the identification testimony was inadmissible, and without such testimony there is no evidence to support the adjudication. As we have found the identification testimony was admitted properly, this enumeration is without merit. Further, we find the evidence sufficient to meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).
Decided June 6, 1984.
Linda A. Pace, for appellant.
Ralph T. Bowden, Jr., Solicitor, Robert J. Nesmith, Alan L. Martin, Assistant Solicitors, for appellee.

Judgment affirmed.

McMurray, C. J., and Deen, P. J., concur.