## A97A0136. GRANT v. THE STATE.
(488 SE2d 763)

POPE, Presiding Judge.

A jury convicted defendant Homer Lee Grant of theft by taking a motor vehicle, possession of cocaine, obstruction of a law enforcement officer and possession and use of drug-related objects. On appeal, defendant contends the trial court erred in failing to direct a verdict on the theft by taking charge because the evidence presented by the State was insufficient to support a conviction on that charge as alleged in the indictment. Upon review, we agree with defendant and therefore reverse his theft by taking conviction.

During the course of defendant's trial, the State presented evidence showing that shortly after midnight on December 22, 1991, Glenn A. Temple drove defendant to defendant's uncle's house in a Ford Ranger pickup truck that Temple had stolen from the Brent Walker Ford dealership in Tattnall County.[1] Defendant asked his uncle if he wanted to buy the truck stating that the "guy" wanted either $25 or $50. When defendant's uncle said he was not interested, defendant informed him that if he bought the truck he could turn it in for a reward. Defendant's uncle again stated that he was not interested in buying the truck, and thereafter, defendant went back to the truck, got in the passenger seat and rode off toward Glennville, Georgia with Temple driving.

Defendant's uncle reported the incident to the Glennville Police

---

[1] In a separate action, Temple was charged with and pled guilty to theft by taking the truck. The State introduced a certified copy of Temple's guilty plea during defendant's trial to demonstrate that the truck had actually been stolen, but Temple did not testify against defendant and there is no evidence that Temple ever implicated defendant in the actual theft.

Department telling them that he believed the truck was stolen and that it was heading toward the city. In response to the call, Officer Kicklighter was dispatched and waited for the truck at the city limits. When the truck approached, Kicklighter attempted to pull it over but was forced to give chase when Temple refused to stop. During the pursuit, the truck entered a trailer park where it eventually did stop. At that time, Kicklighter ordered Temple and defendant out of the truck. When defendant exited the truck, he identified himself to Kicklighter and then fled the scene. Kicklighter yelled for defendant to stop but did not attempt pursuit because he was in the process of arresting Temple. Defendant, however, later was arrested, and police recovered a crack pipe containing cocaine residue from the stolen truck.

In a voluntary statement to police, defendant admitted that the crack pipe found in the truck was his and that he and Temple had smoked crack at some point earlier. Defendant also claimed that he did not know that the truck was stolen when he first started riding around with Temple, but that he had later figured it out. He further claimed that he had told his uncle that for $15 he could have both the truck and its driver.

Although he did not testify at trial, defendant did call two witnesses on his behalf. The first of these witnesses testified without contradiction that during the late afternoon to early evening hours of December 21, 1991, Temple was seen in the truck by himself driving in an erratic manner. Temple stopped the truck in front of a crowd of people, including defendant, and at that time, the witness observed that the truck's driver-side window had been broken out and that a hammer was sitting on the truck's floorboard along with the shattered glass from the window and a key box that had once been attached to the window. When asked if the truck was stolen, Temple drove away from the crowd alone. Both this witness and the other witness also testified that later that same evening, they saw Temple again riding around in the truck by himself looking for someone to ride with him.

Defendant contends that his motion for a directed verdict should have been granted because the above evidence does not demonstrate beyond a reasonable doubt that he ever took any vehicle from Brent Walker Ford as alleged in the indictment against him. The State argues that defendant was not entitled to a directed verdict because the evidence was sufficient to convict defendant as a party to Temple's theft of the truck under OCGA §§ 16-2-20 and 16-2-21 as an aider and abettor or conspirator. We cannot agree.

"Although the terminology of parties to a crime as principals in the first and second degree has been abolished, the concept, as related to criminal responsibility, remains constant. 'Aid or abet' as

used in OCGA § 16-2-20 (b) (3) should be given the same meaning as in former Code § 26-501 defining a principal in the second degree as one 'who is present, aiding and abetting the act to be done.' In essence, to be guilty as a party to a crime as an aider or abettor pursuant to OCGA § 16-2-20 (b) (3), a defendant must be an accessory before the fact." (Citation and punctuation omitted.) *Purvis v. State*, 208 Ga. App. 653, 654-655 (433 SE2d 58) (1993). Likewise, to be guilty as a conspirator to a crime pursuant to OCGA § 16-2-20, one also must be an accessory before the fact. Id. at 655.

In the case at bar, there was no direct evidence that defendant was an accessory before the fact to Temple's theft by taking the truck. And while there may be some circumstantial evidence to that effect, such circumstantial evidence equally supports defendant's version of events, as does the testimony of his two witnesses, that he did not participate in the theft of the truck and did not learn that the truck was stolen until after he began riding around with Temple, at which time, he tried to help Temple sell the truck. Therefore, the evidence in this case, viewed in a light most favorable to the verdict, supports two theories, one consistent with innocence. "When the circumstantial evidence supports more than one theory, one consistent with guilt and another with innocence, it does not exclude every other reasonable hypothesis except guilt and is not sufficient to prove the defendant's guilt beyond a reasonable doubt." (Citations and punctuation omitted.) *Morrison v. State*, 220 Ga. App. 151, 153 (1) (a) (469 SE2d 686) (1996). And while "the jury generally determines whether every other reasonable alternative but guilt has been excluded, we must not be blinded by [a] verdict when a reasonable hypothesis of innocence appears from the evidence or lack thereof, and may declare such as a matter of law." (Citations and punctuation omitted.) *Jordan v. State*, 225 Ga. App. 424, 426 (484 SE2d 60) (1997).

Because the evidence presented at trial in this case did not exclude the reasonable hypothesis that Temple had stolen the truck without defendant's knowledge or participation prior to the time defendant started riding around in the truck with Temple, defendant's conviction for theft by taking the truck is insupportable as a matter of law. Accordingly, we conclude that the trial court erred in denying defendant's motion for a directed verdict of acquittal on that charge. *Morrison*, 220 Ga. App. at 153-154 (1) (a).

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 11, 1997.

*Cowart & McCullough, Hugh J. McCullough*, for appellant.

*Dupont K. Cheney, District Attorney, John T. Durden, Jr., Assistant District Attorney*, for appellee.