## A04A0889, A04A0938. IN THE INTEREST OF S. D. T. E., a child (two cases).
(603 SE2d 316)

MILLER, Judge.

The juvenile court adjudicated S. D. T. E. delinquent for acts which, if committed by an adult, would have constituted three counts of theft by taking and one count of criminal trespass. He appeals, challenging the sufficiency of the evidence and the failure of the trial court to strike an in-court identification. Specifically, in Case No. A04A0889, S. D. T. E. appeals from the juvenile court's order adjudicating him delinquent, and in Case No. A04A0938, he appeals from the order of commitment. For the following reasons, we affirm in both cases.

1. S. D. T. E. first challenges the sufficiency of the evidence to support the finding that he committed three acts that if committed by an adult would have constituted theft by taking.

[1] *Benham v. State*, 260 Ga. App. 243 (581 SE2d 586) (2003).

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. The standard of review on appeal in a case of a juvenile adjudication is the same as that for any criminal case.

(Citations and punctuation omitted.) *In the Interest of M. G.*, 233 Ga. App. 23 (503 SE2d 302) (1998); see generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

In the light most favorable to the juvenile court's adjudication, the evidence showed that the owner of a used car lot closed his business at 3:00 p.m., but returned around 8:00 p.m. to check for any problems at the premises. He noticed that four vehicles on his lot had been moved from the place they had been parked and that the hood of each of the vehicles was hot to the touch as if they had recently been driven (the owner explained that his employees had left the keys in several vehicles). An officer on routine patrol noticed the owner of the car lot driving slowly on the sidewalk near the front of the lot. Around the same time, a woman who was walking through an alley behind the used car lot heard three youths discussing which vehicles they were going to break into. When the officer turned around in the middle of the road to speak with the owner, the witness saw the three youths jump over the car lot fence and run away. The witness then ran toward the officer and told him what she had witnessed. Officers subsequently apprehended all three youths.

At trial the witness identified S. D. T. E. and the other two youths. She explained that although she did not see their faces, she recognized them by their clothing as they sat in the officer's vehicle after they were apprehended, and at the police station. While sitting in the police vehicle, one of the other two youths threatened the witness. The witness testified that she recognized his voice as the one she had heard in the used car lot as she walked through the alley.

S. D. T. E. argues that there was no evidence that any vehicles were stolen or that he was inside any vehicle. Under OCGA § 16-8-2, "[a] person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." Although, as S. D. T. E. argues, there was no evidence that any vehicles were removed from the car lot, the evidence showed that the vehicles had been moved from the place where they were kept, which is sufficient to show a taking. See *Henderson v. State*, 167

Ga. App. 808, 809 (2) (307 SE2d 704) (1983) (crime is completed when there is asportation, however slight, and although the goods are not removed from the land of the owner).

The evidence that three youths were overheard in the car lot talking about stealing cars and that they fled when they saw police, coupled with the circumstantial evidence that several vehicles were hot and parked in a different area than originally parked, was sufficient evidence to show the commission of the crime of theft by taking. See *In the Interest of E. G. W.*, 244 Ga. App. 119-120 (534 SE2d 869) (2000). The witness identified S. D. T. E. and his co-defendants by their clothing and one co-defendant by his voice. This was sufficient to place S. D. T. E. at the scene and show that he was at least a party to the thefts. See *In the Interest of R. H.*, 266 Ga. App. 751 (598 SE2d 369) (2004).

2. During trial S. D. T. E. moved to strike the witness's in-court identification on the ground that the show-up at the police station was improper. He enumerates as error the juvenile court's denial of that motion, arguing that the identification was inadmissible because the witness did not see his face.

Although the witness did not see S. D. T. E.'s face, she observed him and two other youths jump over the car lot fence and run. Once officers apprehended the three, she was able to identify S. D. T. E. by his clothing. Indeed, "identity is a question for the tri[e]r of fact, and where a witness identifies a defendant (whether the identification be based on the defendant's eyes, clothes, hairline or some intangible factor not capable of description), the credibility of the witness making such identification is not to be decided by this court." (Punctuation and footnote omitted.) *Johnson v. State*, 261 Ga. App. 98, 100 (1) (581 SE2d 715) (2003); accord *Morton v. State*, 241 Ga. App. 330, 331 (526 SE2d 862) (1999). In this case, the show-up was conducted as soon as possible after the suspects' apprehension. The fact that S. D. T. E. was in a police car when identified does not render the identification inadmissible. See *Salazar v. State*, 245 Ga. App. 878, 879 (1) (539 SE2d 231) (2000). Moreover, the identification at the police station was merely repetitive of the witness's identification conducted at the scene. Under these circumstances, the in-court identification was not improper. See *M. A. K. v. State*, 171 Ga. App. 151, 153 (1) (318 SE2d 828) (1984) (in-court identification was not tainted where witness gave an accurate description of defendant's clothing and physical characteristics, and confrontation occurred five hours after crime was committed).

*Judgment affirmed in both cases. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 23, 2004.

*James N. Finkelstein*, for appellant.

*Kenneth B. Hodges III, District Attorney, Leah E. McEwen, Assistant District Attorney*, for appellee.