A07A2090. IN THE INTEREST OF M. H., a child.
(655 SE2d 249)

SMITH, Presiding Judge.

A juvenile court adjudicated 16-year-old M. H. delinquent for acts which, if committed by an adult, would have constituted theft by

taking and terroristic threats.[1] He appeals from the order of disposition, challenging the sufficiency of the evidence to support theft by taking and the failure of the trial judge to recuse himself.[2] Because the evidence was insufficient to support a finding of delinquency for theft by taking, we reverse.

1. M. H. challenges the sufficiency of the evidence to support the finding of theft by taking.

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. The standard of review on appeal in a case of a juvenile adjudication is the same as that for any criminal case.

(Citations omitted.) *In the Interest of S. D. T. E.*, 268 Ga. App. 685, 686 (1) (603 SE2d 316) (2004).

The evidence showed that the victim went to work one night. When he returned home, his house had been ransacked and a television and gun stolen. The television was found in a neighbor's yard, but the gun was not recovered. The victim testified that there was no forced entry into his home and that his daughter and his grandson, M. H. (who lived with the victim), were the only persons with a key to the home. The victim explained that at the time he left for work, M. H. was not home but was supposed to be at an aunt's house waiting for his grandmother to pick him up.

M. H. testified that he saw his grandfather leave for work as he walked to his aunt's house. He stated that about 20 minutes later, he went to his grandfather's house, retrieved his cell phone from the kitchen table, and called his grandmother. He then walked out of the house leaving the door unlocked because "[he] was coming right back." M. H. told a neighbor standing outside, "if my grandmother

---

[1] M. H. was committed to the Department of Juvenile Justice for 60 months and ordered to serve 24 months in restrictive custody.

[2] M. H. does not challenge the sufficiency of the evidence to support the finding that he was delinquent for terroristic threats. The record shows that as M. H. was leaving an October 6, 2006 hearing, he told the juvenile court judge that "he was sorry that he didn't f*** [the judge] up when he had the chance," and that "he would f*** [the judge] up when he had the chance." M. H. was charged with terroristic threats. On October 20, 2006, the same judge presided over M. H.'s theft by taking case, finding him delinquent for that act. Nearly four weeks later, on November 15, 2006, a second juvenile court judge found beyond a reasonable doubt that M. H. committed the act constituting terroristic threats. This second judge issued the order of disposition from which M. H. now appeals.

show[s] up, just tell her I'm going up the street, I'll be right back." M. H. returned to his grandfather's home 20 minutes later, found the home ransacked, and called police.

Here, there was no direct evidence that M. H. took the items from his grandfather's home, but there was some circumstantial evidence to that effect: specifically that M. H. had a key and that M. H. was in and out of the home around the time of the theft. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. But "[w]hen the circumstantial evidence supports more than one theory, one consistent with guilt and another with innocence, it does not exclude every other reasonable hypothesis except guilt and is not sufficient to prove the defendant's guilt beyond a reasonable doubt." (Citations and punctuation omitted.) *Grant v. State*, 227 Ga. App. 243, 245 (488 SE2d 763) (1997). The circumstantial evidence here supports M. H.'s version of events as well as the State's theory of guilt. And while the juvenile court as trier of fact "generally determines whether every other reasonable alternative but guilt has been excluded, we must not be blinded by a verdict when a reasonable hypothesis of innocence appears from the evidence or lack thereof, and may declare such as a matter of law." (Citations and punctuation omitted.) Id.

Because the evidence presented was not sufficient to establish that M. H. committed the act of theft by taking beyond a reasonable doubt, we must reverse. See *Grant*, supra; see also *Cornish v. State*, 187 Ga. App. 140, 142 (369 SE2d 515) (1988). Accordingly, we reverse and remand the case to the juvenile court for reconsideration of the disposition based upon the adjudication of delinquency for terroristic threats only.

2. In light of our holding in Division 1, we need not consider M. H.'s argument that the judge presiding over this theft by taking case should have voluntarily recused himself.

*Judgment reversed and case remanded with direction. Barnes, C. J., and Miller, J., concur.*

DECIDED NOVEMBER 29, 2007.

*Jodie A. Gentile, Jerry F. Pittman*, for appellant.
*Peter J. Skandalakis, District Attorney, Nathaniel L. Smith*, for appellee.