## 52974. PARKER v. THE STATE.

MARSHALL, Judge.

Appellant was convicted of theft by taking a new Ford Maverick from J. C. Lewis Motor Company, Inc. The evidence showed that appellant was apprehended by the police at 2:30 a.m. on July 6, 1975, driving the stolen car. He told the police that the car was loaned to him by the Lewis Motor Company. The new car sales manager of Lewis testified that the same car was left parked in front of the service department with the keys inside just prior to the Fourth of July weekend. He testified further that he had not loaned the car to anyone, nor had he authorized anyone to lend the car. On cross examination the sales

manager stated that two other persons at the dealership, superior to him, also had authority to and could lend the car to someone. At trial, the appellant testified that while he was hitchhiking on the night of July 5th, he was picked up by a person named Ricky, who was driving the Ford Maverick, and that Ricky loaned appellant the car to drive to a store to use a telephone. *Held:*

Appellant contends that the evidence presented by the state is entirely circumstantial and that the state has not excluded every reasonable hypothesis save that of his guilt, as it is required to do under Code § 38-109. Appellant proposes two hypotheses: (1) that the two persons at the dealership other than the sales manager could have loaned the car out and therefore the appellant's possession was not shown to be without consent of the owner, and (2) that the car was loaned to appellant by Ricky.

Both of these hypotheses suffer the same infirmity: there was no credible evidence that either, in fact, occurred. There is no evidence that anyone from Lewis Motor Company loaned the car to appellant or to Ricky. And appellant's own testimony that he borrowed the car from Ricky was impeached by his prior inconsistent statement to the police that he borrowed the car from Lewis Motor Company. This is not a case where there was evidence of the reasonable hypothesis such as in *Braden v. State,* 135 Ga. App. 827 (1) (219 SE2d 479), and *Moreland v. State,* 133 Ga. App. 723 (1) (212 SE2d 866). In the present case, the assertion that the car was loaned to appellant by the owner or by Ricky (whatever authority he had) is only a bare possibility not shown by the evidence and is derived only by sheer speculation. "To set aside the conviction it is not sufficient that the circumstantial evidence show that 'the act might by bare possibility have been done by somebody else' (*Hunter v. State,* 91 Ga. App. 136, 138 (85 SE2d 90)), but it must exclude every *reasonable* hypothesis save the guilt of the accused, which is primarily a question for determination by the jury." *Workman v. State,* 137 Ga. App. 746 (1) (224 SE2d 757). See also *Harris v. State,* 236 Ga. 242 (1) (223 SE2d 643); *Van Voltenburg v. State,* 138 Ga. App. 628 (2) (227 SE2d 451).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED OCTOBER 13, 1976 — DECIDED OCTOBER 21, 1976.

*Robert Paul Phillips, III,* for appellant.
*Andrew J. Ryan, Jr., District Attorney, Joseph D. Newman, Robert M. Hitch, III, Assistant District Attorneys,* for appellee.