147 Ga. App. 818 (1978)
250 S.E.2d 559
J. L.
v.
STATE OF GEORGIA.
56560.
Court of Appeals of Georgia.
Submitted September 20, 1978.
Decided October 30, 1978.
*820 Cletus W. Bergen, II, for appellant.
Andrew J. Ryan, III, District Attorney, Martin S. Jackel, Assistant District Attorney, for appellees.
BIRDSONG, Judge.
Adjudication of delinquency. The facts show that appellant, who was thirteen years of age at the time of the delinquency involved (theft by taking), visited the victim of this crime at approximately 9 p. m. to watch a television program. Prior to the appellant's arrival, the victim, while changing his clothes, had counted his money and determined he had $35. He placed the money in his pants *819 pocket and laid the pants on a chair. After appellant's arrival, the victim fell asleep. He awoke approximately one hour later, at 10 p. m., and observed that appellant had departed. The victim then turned off the television and slept the remainder of the night. The next morning, he determined that the money was missing from his pants. He searched the room and was unable to find the missing money.
Additional facts show that the victim's room was secured by a slide lock on the inside of the back door. That lock was bolted before the appellant arrived and was still locked when the victim arose the next morning. The front door was secured by a mechanism which automatically locked when the front door was closed. The front door was secure both at 10 p. m. and in the morning. Finally, the victim testified that the only person to visit him during the evening was appellant. There was no sign of forcible entry into the room or other signs of a disturbance. Appellant enumerates as error the failure of the circumstantial evidence to connect him to the unlawful taking. Held:
The facts were sufficient to support the findings of delinquency by the juvenile court. While the evidence did not directly connect the appellant with the money, the evidence points unerringly to his involvement in the taking. There simply was no other reasonable explanation for the taking. While the verdict of guilty was not demanded, it was not necessary for the state to prove that it was impossible for the offense to have been committed by anyone else, or that it might, by bare possibility, have been done by another. Pinson v. State, 235 Ga. 188, 190 (219 SE2d 125). Questions of reasonableness are generally to be decided by a jury (or by the court when sitting without a jury) and if the court is authorized by the evidence to find appellant guilty, the appellate court will not disturb the finding, unless the verdict of guilty is unsupportable as a matter of law. The evidence in this case was sufficient to meet the required tests. Burrell v. State, 140 Ga. App. 900, 901 (232 SE2d 172).
Judgment affirmed. Bell, C. J., and Shulman, J., concur.