## 58451. JACKSON v. THE STATE.

BIRDSONG, Judge.

Clarence Jackson was convicted of homicide by a motor vehicle in the first degree. Allen Everett Humphrey died following a head-on collision between his vehicle and Jackson's which the state contends occurred when appellant's vehicle crossed over the center line of the highway while appellant was driving under the influence of alcohol. Appellant denies having crossed over the center line. The evidence establishes that Mr. Humphrey was alive immediately following that collision, but a few minutes later, a third car struck Mr. Humphrey's car on the right, or passenger, side. Appellant enumerates three errors below. *Held:*

1. In enumerations of error 1 and 3, appellant urges that the verdict is contrary to the evidence and is without evidence to support it; and that the evidence relating to the cause of death was circumstantial, was not enough to support a conviction, and did not exclude every reasonable hypothesis except the guilt of the accused. We disagree. Even accepting the testimony of two witnesses and the appellant that Mr. Humphrey was still alive following the crash with appellant, the evidence is entirely consistent with the verdict holding appellant responsible for the death. The deputy who investigated the accident after both crashes testified that in his opinion, he being trained and experienced in determining the causes of vehicular accidents, the head-on collision between Mr. Humphrey and the appellant occurred when appellant's vehicle crossed over the center line into the path of the other car. His basis for so concluding was that glass, oil, water and gouge marks in the highway — the signs of collision which normally indicate the "point of impact" — were found in Mr. Humphrey's lane of traffic.

The physician who examined the body of the deceased in order to determine the cause of death testified that Mr. Humphrey died from head and chest injuries which were "deceleration" injuries, caused when another vehicle struck the deceased's car from the front and the abrupt deceleration of his vehicle caused the deceased to go forward into stationary objects. The deceased suffered open fractures of the knees, severe bruising and trauma of the chest, and extensive and deep lacerations of the forehead. The fact that the deceased was bleeding from the mouth would, in the physician's opinion, probably be the consequence of injuries to the chest with damage to the lungs. The physician testified that he had been aware of the circumstances of the accident and had therefore looked for evidence of injury to the side of the body, but he found none. The physician admitted on cross examination that it is "almost impossible to say it is not possible" that Mr. Humphrey would not have died if the second car had not crashed into the passenger's side of his vehicle, yet in his considered expert opinion, Mr. Humphrey died of deceleration injuries to the head and chest caused by the head-on collision. Witnesses testified that after the first crash and before the second crash, the deceased was pinned against the steering wheel of his car and, although he was alive, he appeared to have difficulty breathing and said, "I feel like everything is busted up inside of me. I'm feeling real bad." Photographs of Mr. Humphrey's car show, for the most part, a mangled mass of wreckage at the front of the car extending into the driver's seat, and at the passenger's side, where the third vehicle struck, the wreckage appears less severe. The deputy who arrived after both crashes testified that the deceased was pinned beneath the steering wheel, and that there was no way Mr. Humphrey could have got out after the first impact. The jury was authorized to find under all the evidence that the head-on collision occurred when appellant's vehicle, being driven in a reckless manner, crossed over the center line into the path of the deceased's vehicle, and that Mr. Humphrey died as the result of head and chest injuries caused by the collision. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall

exclude every other reasonable hypothesis save that of the guilt of the accused." Code § 38-109. In other words, the proven facts must be inconsistent with the defendant's innocence. *Redwine v. State,* 207 Ga. 318, 324 (61 SE2d 481).

Certainly the proved facts in this case are consistent with the hypothesis of appellant's guilt, but do they exclude every other reasonable hypothesis save appellant's guilt? Appellant would have us extend the fact that he denies crossing the center line, and the fact that the doctor conceded on cross examination that Mr. Humphrey possibly could have died as a result of the second crash, into other reasonable hypotheses than that of his guilt, and into inferences consistent with his innocence. If those facts stood alone, he would be correct; but the evidence must be taken as a whole. " 'In making a determination of whether any other reasonable hypothesis exists, the defendant's explanation must be taken into consideration insofar as it is consistent with the circumstantial evidence properly admitted.' " *Townsend v. State,* 127 Ga. App. 797, 799 (195 SE2d 474); *Redwine,* supra. In view of the evidence in this case, whereby the state has shown that the point of impact was in the deceased's lane of traffic; that the medical examiner could find no injuries which he could conclude were caused by the second crash; that the deceased died of deceleration injuries of the kind typically caused by head-on collisions, and that, in the physician's opinion, Mr. Humphrey in fact died of deceleration injuries received in the head-on collision, the jury was authorized to find that the hypotheses offered by appellant are not reasonable hypotheses, for they are inconsistent with the proven facts. *Townsend,* supra. We find, therefore, that the verdict is not contrary to the evidence, and that the evidence is such that a rational juror could find appellant guilty of the charge beyond a reasonable doubt, and to the exclusion of every other reasonable hypothesis.

2. Appellant charges error to the trial court's admission of an alcohol blood test which showed that his blood contained .175 milligrams percent alcohol. The evidence shows that the deputy smelled alcohol odor upon appellant at the accident scene. After appellant had been

treated at the hospital, the deputy read to appellant an "implied consent card," supposedly pursuant to Code §§ 68B-306 and 68A-902.1. In material portion, the card states that § 68B-306 "requires you to submit to a state-administered chemical test of your blood, breath, urine, or other body substances for the purposes of determining alcoholic or drug contents... You have the right to an additional test . . . of your own choosing. This additional test in no way satisfies your obligation to submit to the state-administered test. Should you refuse my request to a state-administered test, your driver's license will be suspended for a period of six months. Will you submit to a state-administered chemical test of your blood, breath, urine body substances?" While we find erroneous any portion of this warning which tends to imply that appellant might be obligated to take a state-administered test, the warning as a whole clearly gives appellant the opportunity to refuse and the opportunity to choose an additional independent test. In total context, therefore, it was not misleading. The trial court on the motion to suppress found that the legal requirements of §§ 68B-306 and 68A-902.1 were sufficiently complied with and we agree. Appellant contends that he was unconscious at the hospital where the warning was given and that he does not recall the warning or giving his consent. However, both the hospital medical technologist and the deputy testified that appellant was conscious and seemed free of pain, and the medical-legal consent form shows that appellant gave express, written consent at that hospital. The ruling of the trial court on the motion to suppress is supported by the evidence and will therefore not be disturbed.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 11, 1979 — DECIDED OCTOBER 23, 1979 — REHEARING DENIED NOVEMBER 21, 1979 —

*Archie L. Gleason,* for appellant.
*Richard E. Allen, District Attorney, Patricia D.*

*Warren, Assistant District Attorney,* for appellee.