McMurray, Presiding Judge.
This is an appeal from an order of the juvenile court finding the juvenile named above (by initials), 16 years of age, as having committed a delinquent act, and he was- so adjudicated. The delinquent act would constitute the offense of theft by taking if he were a person having reached the age of 17 years.
The juvenile was already a delinquent and was staying at the local Regional Youth Development Center. However, at the time of the alleged offense, the director of a group home in that community agreed to allow the juvenile to stay at her home for approximately 3 days in an emergency situation caused by the fact that the group home was closed (that is, all of the occupants had gone camping). The juvenile was found “a delinquent child... by facts established beyond a reasonable doubt to have committed a delinquent act, to wit: Theft by Taking.” The item he allegedly took was the director’s ladies’ purse containing approximately $80 in cash, 5 credit cards, one class ring, and one set of keys, the property of another which was allegedly taken with the intent of depriving said owner of the property.
*302 The court ordered that he be continued under his present commitment order to the Division for Children and Youth, Department of Human Resources (the previous order issued on February 14, 1980) and that he be detained at the local Regional Youth Development Center pending appearance before a screening board. This order was dated June 17,1980. The delinquent juvenile appeals. Held:
The evidence of the state disclosed the following: The juvenile was staying at the home of the director of the group home in an emergency in that the group home was closed at that particular time. At the time in question when the purse or pocketbook came up missing, the juvenile, the director and her daughter were watching television. Two of the director’s grandchildren were already in bed and asleep. The director of the group home, with the purse next to her, fell asleep watching television. Upon awakening and discovering the purse gone, she asked her daughter about the purse and its whereabouts. The daughter disclosed no knowledge of the whereabouts of the purse, and the director proceeded to the room of the juvenile who had previously left the room. He had locked himself in his room and refused to open the door. She then notified him that she would call the police if he did not open the door, and she subsequently did call the police when he did not open the door, but the juvenile was gone out of a window adjacent to the garage of the house. After searching the room no purse was found, and she subsequently filed the juvenile complaint against him alleging acts constituting the offense of “theft by taking.” He was later apprehended but no purse nor contents were ever found in his possession or anywhere else.
The juvenile testified that the purse could have been taken by either of the two grandchildren (one of whom was present and proceeded to bed when he did) or the daughter of the director, denying that he took the purse. His enumerations of error are that the state failed to prove that he at any time had either actual or constructive possession of the missing purse in question, did not establish proof beyond a reasonable doubt of his guilt, and since the evidence was based on circumstantial evidence the proved facts were not consistent with the hypothesis of guilt and did not exclude every other reasonable hypothesis save that of his guilt. See Code §§ 38-109 and 38-110.
The argument as made would be meritorious except for the testimony that he had locked himself in the room to avoid being searched or his room being searched, knowing this was against the rules of detention, and took flight to avoid a confrontation. The trier of fact (the juvenile judge in the case sub judice) could infer guilt from *303 the evidence including that of flight. See McKuhen v. State, 216 Ga. 172 (3) (115 SE2d 330); Patterson v. State, 24 Ga. App. 239, 240 (2) (100 SE 641); Woody v. State, 37 Ga. App. 338 (2) (140 SE 396); Elliott v. State, 33 Ga. App. 825 (2) (127 SE 877); Strickland v. State, 137 Ga. App. 628 (1) (224 SE2d 809). While none of the above cases involved a juvenile who fled from detention to avoid confrontation with reference to the missing purse, nevertheless the same principle of law is applicable here. Under the circumstances the juvenile judge (as trier of fact) could easily infer guilt from the fact that the juvenile fled in this instance.
After careful review of the trial transcript and the record, we hold a rational trier of fact (the juvenile judge in the case sub judice) could reasonably have found the juvenile delinquent beyond a reasonable doubt of having taken the purse or pocketbook and contents even though the case is based on circumstantial evidence alone that the missing purse was stolen as an inference of participation arises from the circumstances due to his flight. See Riley v. State, 1 Ga. App. 651, 655 (57 SE 1031). The term hypothesis as used refers to such reasonable inferences as are ordinarily drawn by men in the light of their experience in everyday life. See White v. State, 18 Ga. App. 214 (1), 215 (89 SE 175); Sheffield v. State, 1 Ga. App. 135 (2) (57 SE 969). The juvenile attempted to rebut the proof of flight, which he admitted, by contending it was due to fear of the police. Nevertheless this testimony was for the fact finder to consider. Compare Golden v. State, 25 Ga. 527 (1). The mere possibility that one of the others present committed the offense of “theft by taking” is not such a reasonable hypothesis as must be excluded in order for circumstantial evidence to authorize the adjudication that the juvenile took the purse and contents. Castleberry v. State, 152 Ga. App. 769 (2) (264 SE2d 239); Parker v. State, 140 Ga. App. 92, 93 (230 SE2d 99).
All questions as to reasonableness of the evidence are to be decided by the fact finder, and even though the evidence was circumstantial here, it was sufficient to exclude every reasonable hypothesis except that of guilt. Accordingly, we cannot disturb such finding unless we are supported by evidence of not guilty as a matter of law. See Scales v. State, 145 Ga. App. 459, 461 (1) (244 SE2d 247); Campbell v. State, 240 Ga. 352, 354 (II-1) (240 SE2d 828). The proven facts were inconsistent with the juvenile’s innocence. Accordingly, a rational jury (the juvenile judge in the case sub judice) could find the juvenile delinquent beyond a reasonable doubt to the exclusion of every other reasonable hypothesis. Jackson v. State, 152 Ga. App. 441 (1) (263 SE2d 181); Hill v. State, 153 Ga. App. 472 (1) (265 SE2d 828).

Judgment affirmed.

Smith and Banke, JJ., concur.

Submitted October 9, 1980
Decided October 31, 1980.
Michael D. Sigler, for appellant.
Margot Roberts, for appellee.