62864. IN THE INTEREST OF J. P.

CARLEY, Judge.
Appellant, a juvenile, was adjudicated a delinquent following a hearing initiated by a petition alleging that he had committed the offense of theft by taking. On appeal, appellant asserts that the circumstantial evidence in this case is insufficient to sustain the Juvenile Court's finding that appellant committed the offense alleged because that evidence fails to exclude every other reasonable hypothesis save that of appellant's guilt.

From the evidence presented at the hearing, the judge was authorized to find the following: Appellant was called to the victim's office for a conference. Before starting the conference and in the presence of appellant, the victim took her pocketbook from the top of

her desk, zipped it shut, and placed it on the floor next to her chair. The victim was required to leave the office for two to three minutes. During this period no person, other than appellant, was in the office. Upon returning, the victim noticed that her pocketbook was unzipped and discovered that a change purse containing $4.00 had been removed. The victim further noticed that appellant had changed seats during her absence, having moved from a chair next to her desk to another chair on the other side of a small table. When questioned, appellant denied taking the change purse. After appellant left the office, the victim discovered her change purse, without the money, behind the chair to which appellant had moved during her absence from the office.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Code Ann. § 38-109. "However, in order to justify the inference of guilt beyond a reasonable doubt, circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt. [Cit.] When [the trior of facts] hears the evidence, it decides questions as to reasonableness. If [the trior of facts] is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the [adjudication of guilt] will not be disturbed by the appellate court unless [such adjudication] is insupportable as a matter of law. [Cits.]" *Dowdy v. State,* 150 Ga. App. 137, 139 (257 SE2d 41) (1979).

Our review of the record convinces us that the adjudication of guilt in the instant case is not insupportable as a matter of law and that a rational trior of fact could reasonably have found from the evidence presented proof of appellant's guilt beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *D. O. D. v. State of Ga.,* 156 Ga. App. 301 (274 SE2d 696) (1980); *J. L. v. State of Ga.,* 147 Ga. App. 818 (250 SE2d 559) (1978).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 12, 1982.

Charles L. Plott, *pro se.*

Lewis R. Slaton, *District Attorney, George Geiger, Margaret V. Lines, Assistant District Attorneys,* for appellee.