A89A0236. In the Interest of M. J. F.
(383 SE2d 173)

Pope, Judge.

M. J. F. was adjudicated delinquent based on the offenses of speeding, crossing the centerline and two counts of vehicular homicide. He appeals from the denial of his motion for new trial.

1. Appellant challenges the sufficiency of the evidence as to each offense. Contrary to appellant's assertion the sufficiency of the evidence is not reviewed in this court under the "any evidence" standard. "Where a juvenile is charged with an offense which for an adult would be a crime, the standard of proof in the lower court is 'beyond a reasonable doubt.' OCGA § 15-11-33 (c); *T. K. v. State,* 126 Ga. App. 269, 276 (3) (190 SE2d 588) (1972). On appeal we thus apply the rule of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), which is whether a rational trier of fact could reasonably have found from the evidence presented proof that the juvenile committed the offense beyond a reasonable doubt. *In the Interest of J. P.,* 160 Ga. App. 896, 897 (288 SE2d 607) (1982). . . . On appeal the Court is bound to construe the evidence with every inference and presumption in favor of upholding the findings of the trier of fact, here the trial court. *In re J. P.,* 169 Ga. App. 744, 745 (315 SE2d 259) (1984). [Although the evidence here was not without conflict t]he issues of the credibility of the witnesses and the resolution of conflicts in the evidence fall within the province of the trial court. *In the Interest of F. T.,* 165 Ga. App. 4 (299 SE2d 112) (1983). Application of these principles leads to the conclusion that the evidence was sufficient. See *In re V. T.,* 168 Ga. App. 472, 473 (309 SE2d 629) (1983)." *In the Interest of C. D. L.,* 184 Ga. App. 412 (361 SE2d 527) (1987).

2. We have examined appellant's enumeration concerning the testimony of the investigating officer on "induced damages" and find it to be without merit.

3. Defendant also contends that the testimony of the investigating officer that the sheriff's office notified him by telephone of the death of the passenger in the car was inadmissible hearsay. However, the record shows that the officer was describing his investigation of the accident, specifically his attempts to obtain blood samples, which he explained was standard procedure in an accident involving fatalities. Under the circumstances, we find no error in the admission of the testimony. See OCGA § 24-3-2; *Ellis v. State,* 181 Ga. App. 630 (3) (353 SE2d 822) (1987); *Warren v. State,* 179 Ga. App. 890 (348 SE2d 88) (1986) (Pope, J., concurring specially). Moreover, and con-

trary to appellant's assertions, this was not the only evidence presented on the death of the passenger, inasmuch as one of appellant's witnesses testified without objection that two people were killed in the accident involving appellant.

4. Appellant also argues the juvenile court judge erred in not disclosing that he had read a copy of a poem published in a local newspaper and a similar piece of correspondence composed by the victims' family on their loss. In support of this contention defendant argues that "reading such correspondence could have at least subconsciously created sympathy for the family [thereby affecting] consideration of the trial on its merits." However, appellant has presented no evidence which indicates that the poem or other "correspondence" (which is not contained in the record) resulted in prejudice or bias which permeated the fact-finding process or otherwise affected the ruling of the juvenile court. Likewise, our independent examination of the transcript discloses no evidence of bias or prejudice stemming from the reading of the poem or any other source. "A careful examination of the transcript shows that the court considered only the facts which were presented in evidence in the instant case." *In the Interest of C. C. C.*, 188 Ga. App. 849, 850 (1) (374 SE2d 754) (1988). See also *Carter v. State*, 246 Ga. 328 (271 SE2d 475) (1980).

5. Appellant next contends that the trial court erred in finding him "guilty" of all four offenses because the lesser included offenses of speeding and crossing the centerline merged into the vehicular homicide convictions. See *Rank v. State*, 179 Ga. App. 28 (2) (345 SE2d 75) (1986). Although we agree that such would be the case if appellant, as an adult, had been found "guilty" and sentenced for all four offenses, under the circumstances here we find no merit to this argument. In juvenile proceedings "[t]he district attorney proceeds by a 'petition' alleging 'delinquency based on conduct which is designated a crime or public offense under the laws, . . .' OCGA §§ 15-71-25; 15-11-39. The court adjudicates whether the child committed 'the delinquent act,' not a 'crime.' OCGA §§ 15-11-39 (b); 15-11-33. 'Prosecution' is prohibited unless the case has been transferred to the appropriate court from the juvenile court. OCGA § 15-11-39 (c). The juvenile court 'disposes' of the case after determining whether treatment, rehabilitation, or supervision is needed; it does not 'sentence' the child. OCGA §§ 15-11-33; 15-11-35. And most telling of all, '(a)n order of disposition or other adjudication in a proceeding under this chapter is not a conviction of a crime. . . .' OCGA § 15-11-38 (a)." *Smith v. State*, 173 Ga. App. 728, 732 (327 SE2d 839) (1985) (Beasley, J., concurring specially). Consequently, defendant's merger argument is without merit.

6. Lastly, we find no merit to appellant's argument that the trial court impermissibly restricted his right to conduct a thorough and

sifting cross-examination of the State's witness.
*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JUNE 5, 1989.

Bischoff & White, *James E. Bischoff*, for appellant.
W. Fletcher Sams, *District Attorney*, W. Hawley Stevens, *Assistant District Attorney*, for appellee.