## A00A0769. IN THE INTEREST OF E. G. W., a child.

(534 SE2d 869)

MILLER, Judge.

E. G. W. was adjudicated delinquent based on a charge of theft by taking. On appeal, he enumerates only the general grounds. Viewed in the light most favorable to the juvenile court's findings, the evidence showed that a woman was shopping at a grocery store when she noticed two young men, one of whom was E. G. W., follow and watch her closely through five aisles of shopping. As she came to the end of the fifth aisle, she momentarily turned her back on the boys and reached for some meat. When she turned around only seconds later, her purse was missing from her grocery cart, and the two boys were walking away from her. No one else was in the aisle.

When the woman looked at the boys, the boys immediately began running. She reported to the store manager that the boys had stolen her purse, and the manager was able to apprehend only E. G. W., who did not have the purse but had some candy hidden in his pants leg, apparently stolen from the aisle. The boy who escaped wore a jacket large enough to conceal the victim's purse. Sometime later this boy was also apprehended but did not possess the purse. Both boys were charged and found delinquent.

The standard of review is whether based on the evidence presented a rational trier of fact could have found beyond reasonable doubt that E. G. W. committed the charged offense.[1] The resolution of conflicts in the evidence and the credibility of the witnesses fall within the province of the trial court.[2] Although the victim did not actually see who took her purse, the identification of E. G. W. and his cohort as the only people near the woman at the time her purse suddenly disappeared,[3] their immediate flight after the theft,[4] E. G. W.'s possessing stolen candy from the aisle where the purse disappeared, and the clothing on the second boy sufficient to hide the purse suffice to sustain the finding that they jointly committed the offense of theft by taking.[5] Where the accused juveniles, acting in concert, are the only people nearby who could have stolen the missing goods, such circumstantial evidence may be found to exclude reasonable hypotheses of innocence and is therefore sufficient to sustain a joint finding of

---

[1] *In the Interest of M. J. F.*, 191 Ga. App. 792 (1) (383 SE2d 173) (1989); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *M. J. F.*, supra, 191 Ga. App. at 792 (1).

[3] *In the Interest of J. P.*, 160 Ga. App. 896, 897 (288 SE2d 607) (1982).

[4] *D. O. D. v. State of Ga.*, 156 Ga. App. 301, 303 (274 SE2d 696) (1980); see *Hogans v. State*, 251 Ga. 242 (1) (304 SE2d 699) (1983).

[5] See generally OCGA § 24-4-8; *J. L. v. State of Ga.*, 147 Ga. App. 818, 819 (250 SE2d 559) (1978); cf. OCGA §§ 16-2-20; 16-8-2.

delinquency.[6] The fact that the purse was not found in the possession of the later-apprehended boy does not demand a finding of innocence, for he could have disposed of the purse in the meantime.[7]

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED MAY 19, 2000.

*Ann N. Garner, James C. Bonner, Jr.,* for appellant.
*Paul L. Howard, Jr., District Attorney, George W. King Snyder, Jr., Bettieanne C. Hart, Assistant District Attorneys,* for appellee.

---

[6] See *J. P.,* supra, 160 Ga. App. at 897; *D. O. D.,* supra, 156 Ga. App. at 303; see generally OCGA § 24-4-6.

[7] See *D. O. D.,* supra, 156 Ga. App. at 302.