A02A0636. IN THE INTEREST OF T. N., a child.

(562 SE2d 374)

BLACKBURN, Chief Judge.

Following his admission to committing aggravated child molestation, T. N., a minor male, appeals the juvenile court's imposition of restrictive custody, contending that (1) the juvenile court's order failed to adequately set forth findings of fact required by OCGA § 15-11-63 (c) and (2) the evidence did not support a sentence of restrictive custody. For the reasons set forth below, we affirm.

The record shows that, on the afternoon of March 1, 2001, T. N. followed a female classmate, J. O., into the girls' restroom.[1] T. N. approached the toilet stall J. O. was using and asked her to open the door so that he could watch her. When J. O. attempted to leave the stall, T. N. pushed her back inside, held her against her will, and forced her to perform oral sex. J. O. then fled the bathroom, and T. N. told a friend of his that he had forced J. O. to comply with his wishes.

In determining whether restrictive custody is required, OCGA § 15-11-63 (c) states that the court shall consider:

(1) The needs and best interests of the child; (2) The record and background of the child; (3) The nature and circumstances of the offense, including whether any injury involved was inflicted by the child or another participant; (4) The need for protection of the community; and (5) The age and physical condition of the victim.

In addition, where a child is adjudicated guilty of a designated felony,

the order of disposition . . . shall include a finding based on a preponderance of the evidence as to whether, for the pur-

---

[1] Only minutes before in the boys' locker, T. N. had forcibly pulled J. O. behind a row of lockers and asked her to perform oral sex on him, and he had also fondled her breasts.

poses of this Code section, the child does or does not require restrictive custody under this Code section, in connection with which the court shall make specific written findings of fact as to each of the elements set forth in paragraphs (1) through (5) of subsection (c) of this Code section as related to the particular child.

OCGA § 15-11-63 (b).

Here, contrary to T. N.'s arguments, the trial court made the appropriate findings of fact. The order of disposition explicitly references each of the five paragraphs of OCGA § 15-11-63 (c) and sets forth findings of fact. In these findings, the trial court ruled that, although T. N. had no prior disciplinary problems, the egregiousness of his offense made restrictive custody necessary to promote the best interest of T. N. and to protect the community. The trial court emphasized that, in making this ruling, it considered all of the evidence before it. These findings, therefore, were made in accordance with OCGA § 15-11-63 (b).

And, although T. N. vociferously argues that the evidence did not support restrictive custody, the record nonetheless supports the trial court's decision. In essence, T. N. attempts to challenge the sufficiency of the evidence against him in this case, although he actually conceded his guilt.

The sufficiency of the evidence supporting juvenile court adjudication where a juvenile is charged with an offense which for an adult would be a crime is reviewed under the standard set forth in *Jackson v. Virginia*.[2] See also *In the Interest of A. M.*[3] And, as always, an appellate court determines evidence sufficiency, but does not weigh the evidence or determine witness credibility. *Jackson*, supra.

In his brief, T. N. argues that the imposition of restrictive custody was inappropriate because the sexual encounter with J. O. was consensual and numerous parties testified that he was a well-behaved child. The trial court, however, specifically found that T. N. was not a credible witness and that his version of events was fabricated. And, because of the egregious nature of the crime, T. N. was a threat to the public. This Court must accept this finding of credibility and fact by the trial court, and T. N.'s attempt to relitigate will not be heard on appeal.

The trial court's order of disposition was properly drafted in accordance with OCGA § 15-11-63 (b), and the evidence supported the imposition of restrictive custody.

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *In the Interest of A. M.*, 248 Ga. App. 241 (1) (545 SE2d 688) (2001).

The issuance of this opinion renders T. N.'s motion for supersedeas bond pending the outcome of this appeal moot.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED MARCH 19, 2002.

*Anthony J. Morgese*, for appellant.

*Tommy K. Floyd, District Attorney, Mary Evans-Battle, Assistant District Attorney*, for appellee.