A02A1222. IN THE INTEREST OF J. C., a child.
(566 SE2d 39)

ELDRIDGE, Judge.

The Juvenile Court of Cherokee County adjudicated J. C. a delinquent upon single counts of aggravated assault with the intent to commit rape (OCGA § 16-5-21), simple battery (OCGA § 16-5-23), cruelty to children in the first degree (OCGA § 16-5-70), and sexual battery (OCGA § 16-6-22.1). On this, the juvenile court committed J. C. to the Department of Juvenile Justice for care, supervision, and planning under OCGA § 49-4A-8. In addition to challenging the sufficiency of the evidence supporting the four designated felony acts[1] underlying his adjudication as a delinquent, J. C. appeals contending that the juvenile court erred in denying his motion for directed verdict or dismissal as to the offense of aggravated assault with the

---

intent to commit rape[2] and in not merging the cruelty to children and sexual battery counts therewith upon adjudicating him a delinquent. Finding these claims of error to be without merit, we affirm. *Held*:

The evidence shows that after school on October 3, 2001, the victim, then age seventeen, went to J. C.'s home looking for two friends. The friends not there when the victim arrived, J. C. let her in to await their arrival and returned to the kitchen where he was making hot dogs. As he did so, the victim took a seat at one end of the living room couch. When J. C. returned, he walked to where the victim sat, reached down, and twisted her breast. The victim pushed J. C. away and told him to stop. J. C. continued to advance. At first, he held the victim down by her arms. Then he sat on her as he removed her t-shirt and bra. Finally, he forced her onto her back, hitting her in the face and splitting her lip. This accomplished, J. C. forcibly kissed the victim, licked and sucked her breasts, bruising her hands, arms, and breasts, while with a free hand placed on the wind pants the victim wore, he rubbed her vagina underneath.

Although the victim fought back physically, J. C. released her only to answer the telephone. In the two to three minutes that followed, the victim managed to get her clothes back on, and one of the friends for whom she had been waiting arrived at the front door. Again J. C. opened the door, the victim crying attempted rape as he did so. On this, J. C. pushed the victim from the house and closed the door, locking it behind her. The victim lost her balance on the front steps and fell to the sidewalk. Scared, crying, and shaking, she then drove to a nearby Amoco station where she found the other friend she had waited for. Once more she cried attempted rape. Approximately 20 minutes had elapsed to this point. The victim thereafter sought counsel of a third friend. After doing so, she reported the events of the late afternoon to the Canton Police Department. It was just after 10:00 p.m. The record otherwise reflects that the victim later was forced to withdraw from school in that she repeatedly broke out in hives while there.

1. After reviewing the evidence in the light most favorable to the verdict, *In the Interest of E. D. F.*, 243 Ga. App. 68 (1) (532 SE2d 424) (2000); *In the Interest of B. J. G.*, 234 Ga. App. 285 (1) (506 SE2d 449) (1998), we conclude that the evidence was sufficient to authorize the

---

[2] OCGA § 9-11-50 (a) provides that:
"[A] motion for a directed verdict may be made at the close of the evidence offered by an opponent or at the close of the case." There is no statutory requirement that a motion for directed verdict be renewed at the end of trial. Furthermore, OCGA § 5-6-36 (b) provides: "A motion for judgment notwithstanding the verdict need not be filed as a condition precedent to review upon appeal of an order or ruling of the trial court overruling a motion for directed verdict."
*GLW Intl. Corp. v. Yao*, 243 Ga. App. 38, 41 (2) (532 SE2d 151) (2000).

juvenile court to adjudicate J. C. a delinquent as to all the charges against him. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Hardy v. State*, 240 Ga. App. 115, 122 (8) (522 SE2d 704) (1999) (evidence showing victim held against her will and that perpetrator attempted to remove or did remove some underclothing sufficient to support conviction for assault with intent to commit rape); see also *Eberhart v. State*, 241 Ga. App. 164, 166 (2) (526 SE2d 361) (1999) (whether simple battery is of an insulting and provoking nature a question for the jury); *Johnson v. State*, 239 Ga. App. 886, 887-888 (2) (522 SE2d 478) (1999) (whether cruelty to children is inflicted with malice a jury question); *Thompson v. State*, 245 Ga. App. 396, 398 (3) (537 SE2d 807) (2000) (sexual battery complete upon intentional contact with the intimate parts of another).

2. Since an appellate court reviewing a trial court's denial of a motion for directed verdict applies the "sufficiency of the evidence" test of *Jackson v. Virginia*, supra, the juvenile court did not err in denying J. C.'s motion for directed verdict of acquittal or dismissal as to the aggravated assault with intent to commit rape charge against him. *Mayes v. State*, 274 Ga. 308 (553 SE2d 621) (2001); *Jordan v. State*, 272 Ga. 395 (1) (530 SE2d 192) (2000); *Hardy v. State*, supra.

3. Neither did the juvenile court err in not merging the offenses of cruelty to children and sexual battery with the offense of aggravated assault with the intent to rape. In this regard, the juvenile court was authorized to adjudicate J. C. a delinquent for aggravated assault with intent to rape upon the evidence as showing that he removed the victim's t-shirt and brassiere against her will. *Hardy v. State*, supra. The evidence beyond that point, as above, demonstrates that the cruelty to children and sexual battery counts were supported by separate facts, i.e., the cruelty to children offense as supported by evidence showing that the victim "after the fact" was scared, crying, shaking, and subject to hives causing her to withdraw from school, see *Ranalli v. State*, 197 Ga. App. 360, 364 (2) (398 SE2d 420) (1990), and the sexual battery offense as supported by evidence that J. C. touched the victim's breasts and vaginal area after striking her in the face, forcing her onto her back on the sofa. See *Touchton v. State*, 210 Ga. App. 700 (1) (437 SE2d 370) (1993). "Under OCGA § 16-1-6 (1), offenses merge as a matter of fact only if one of them is established by proof of the same or less than all of the facts used to prove the other." (Citations and punctuation omitted.) *Seidenfaden v. State*, 249 Ga. App. 314, 319 (4) (547 SE2d 578) (2001); *Isaacs v. State*, 213 Ga. App. 379, 380 (1) (444 SE2d 409) (1994).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED MAY 21, 2002.

*Cannon & Cannon, David L. Cannon, Jr.*, for appellant.
*Garry T. Moss, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney*, for appellee.