598 S.E.2d 369 (2004)
266 Ga.App. 751
In the Interest of R.H., a child.
No. A04A0766.
Court of Appeals of Georgia.
April 2, 2004.
*370 Earle J. Duncan, III, Glennville, for appellant.
J. Thomas Durden, Jr., District Attorney, Claira E. Mitcham, Assistant District Attorney, Hinesville, for appellee.
JOHNSON, Presiding Judge.
The juvenile court adjudicated 13-year-old R.H. delinquent for an act which if committed by an adult would constitute theft by taking. He appeals, challenging the sufficiency of the evidence to support the finding that he committed the act charged. We affirm the judgment of the juvenile court.
In considering the sufficiency of the evidence supporting a juvenile court adjudication of delinquency, this Court applies the same standard of review that is used in any criminal case.[1] That is, we construe the evidence in favor of the juvenile court's findings to determine if a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the act charged.[2] The resolution of conflicts in the evidence and the credibility of the witnesses falls within the province of the trial court.[3]
Viewed in a light most favorable to the juvenile court's findings, the evidence shows that R.H., R.L.H., B.M., and M.M. entered the campus of a middle school in Claxton. A construction crew had left materials, including a bucket of paint, on the premises. The boys placed the paint in a shopping cart they found on the grounds and started pushing the cart down the street, intending to use the paint on a house they had been painting.
The police department received a call concerning the school premises and dispatched an officer to the scene. Upon arriving, the police officer noticed a trail of paint leading from the school grounds to the road and followed it. The officer saw four juveniles pushing a shopping cart and stopped them. Three of the boys, including R.H., had paint on their hands. The officer took all four boys into custody.
The officer read R.H. his Miranda rights and, with R.H.'s father present, questioned R.H. R.H. gave police a statement in which he admitted that he had been with the other boys when R.L.H. and B.M. picked up the paint, and that he left the school with them. At trial, B.M. answered affirmatively when asked if "the four of you" put the paint in the buggy and took it away from the school property, and if R.H. was with them when *371 they took the paint. The state asked M.M.: "Did [R.H.] take the  help you remove the paint from the school property? Was he with you?" M.M. replied: "Yes." R.L.H. testified that R.H. was with them the entire time, but that R.L.H. placed the paint into the cart, and that R.H. had nothing to do with taking the paint. R.H. took the stand on his own behalf, and testified that he had nothing to do with the taking of the paint, explaining that the paint got on his hands when R.L.H. went over a bump and the paint went "everywhere." R.H. testified that "when it bumped, the cart like turned over to my side and he got a little bit on my hand." When the trial court asked R.H. if he helped pick up the cart, R.H. responded: "Yes, sir. No, sir." The trial court asked R.H. which of the two answers was correct. R.H. remarked: "No, sir."
R.H. contends that while the evidence shows that he was with the boys who took the paint, it was not sufficient to prove his guilt given R.L.H.'s testimony that he alone took the paint, and given R.H.'s explanation that the paint spilled onto his hands when the shopping cart hit a bump. He argues that his mere presence at the scene is not sufficient to establish guilt.
While mere presence at the scene of the commission of an offense is not sufficient to convict one of the commission of the offense by being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.[4] Further, a person is a party to an offense and may be charged with and convicted of commission of the offense if he intentionally aids or abets in the commission of the offense.[5]
R.H. was with the other boys before and at the time the paint was taken, and he was walking with them as they pushed the cart down the street to take the paint home. The presence of paint on R.H.'s hands was evidence from which a trier of fact could find that he participated or aided in the taking of the paint. It was for the trial court to decide whether R.H.'s explanation as to how the paint got on his hands, as well as whether R.L.H.'s testimony that R.H. did not handle the paint, was credible.[6] The evidence was sufficient to support the juvenile court's adjudication of delinquency.[7]
Judgment affirmed.
SMITH, C.J., and PHIPPS, J., concur.
NOTES
[1] In the Interest of J.A.F., 262 Ga.App. 722, 723-724(2), 586 S.E.2d 381 (2003).
[2] Id. at 724, 586 S.E.2d 381.
[3] In the Interest of E.G. W., 244 Ga.App. 119, 534 S.E.2d 869 (2000).
[4] In the Interest of K.B., 223 Ga.App. 105, 107, 476 S.E.2d 875 (1996).
[5] Id.
[6] See generally In the Interest of T. N., 254 Ga.App. 330, 331, 562 S.E.2d 374 (2002).
[7] See generally In the Interest of E.G. W., supra.