**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 11, 2019**

# In the Court of Appeals of Georgia

A19A0462. IN THE INTEREST OF I. H., a child.

RICKMAN, Judge.

In October 2017, the Juvenile Court of Chatham County adjudicated I. H. delinquent based upon offenses which, if committed by an adult, would have constituted the crimes of aggravated assault on a peace officer, aggravated assault, two counts of obstruction of an officer, interference with government property, simple battery, disorderly conduct, disrupting public school, and three counts of simple assault. On appeal, I. H. contends that the evidence did not support his adjudication for aggravated assault on a peace officer beyond a reasonable doubt and that the trial

court erred by failing to merge certain counts in the delinquency petition. For the following reasons, we affirm.[1]

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. Thus, the standard of review on appeal in a case of adjudication of delinquency of a juvenile is the same as that for any criminal case. In reviewing such cases, we do not weigh the evidence or determine witness credibility.

(Citation and punctuation omitted.) *In the Interest of M. L.,* 316 Ga. App. 413 (729 SE2d 548) (2012).

So construed, the evidence showed that on February 24, 2017, I. H., a student, went into a classroom that he did not belong in. The teacher asked I. H. to leave the classroom, but he refused and she had to call the office for assistance. I. H. was using profanity and disrupting other students. The principal and school resource officer came to the teacher's classroom and escorted I. H. to the principal's office.

---

[1] We have circulated this decision among all non-disqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of considering the case en banc.

Once in the principal's office, I. H. attempted to retrieve his cell phone out of a cabinet. I. H. was not supposed to have his phone, so the officer tried to redirect him away from the cabinet. Thereafter, I. H. picked up an approximately ten-pound wooden office chair and threw it at the officer. The officer had to make an evasive move to prevent the chair from hitting him. The officer testified that he was apprehensive that he would be injured when I. H. threw the chair. I. H. then pushed the principal. While the officer was trying to get control over I. H., his body microphone fell off, and I. H. slammed the microphone on the floor causing it break. I. H. attempted to flip over a table in the office, and he threw a heavy, rolling office chair at the principal. The incidents in the classroom and the principal's office were recorded, and the videos were played for the juvenile court.

At some point, I. H. left the principal's office, and the principal followed him outside. I. H. walked down to the athletic fields, picked up an approximately three and a half to four feet long metal pipe, and brandished it at the principal. The principal was in fear that I. H. would hit him with the pipe.

The juvenile court adjudicated I. H. delinquent, and following a disposition hearing, the juvenile court found that I. H. was a delinquent child in need of

3

rehabilitation, treatment, and supervision. I. H. was placed on specialized probation with an electronic monitoring device. I. H. appeals from his adjudications.

1. I. H. contends that the evidence did not support his adjudication for aggravated assault on a peace officer beyond a reasonable doubt. Specifically, he argues that the State failed to meet its burden to prove both that the wooden chair I. H. threw at the officer was an object that when used offensively against a person, is likely to result in serious bodily injury and that I. H. possessed a general intent to injure the officer.

"A person commits the offense of aggravated assault when he or she assaults: . . . with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). It is the factfinder's role to determine whether "the State has shown that the circumstances under which the object was used caused it to function, when used offensively, in a way likely to result in serious bodily injury." *Hendrix v. State*, 328 Ga. App. 819, 820 (1) (762 SE2d 820) (2014). "General intent to injure is a question for the factfinder and may be determined upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the

4

accused is prosecuted." (Citation and punctuation omitted.) *Frayall v. State*, 259 Ga. App. 286, 288 (1) (576 SE2d 654) (2003).

Here, the evidence showed that I. H. picked up an approximately ten pound wooden chair and threw it at the officer. The officer testified he was apprehensive that he would receive a violent injury when I. H. threw the chair and that he had to make an evasive move to prevent the chair from hitting him. Accordingly, there was sufficient evidence to sustain I. H.'s adjudication for aggravated assault on a peace officer. See *Hendrix*, 328 Ga. App. at 820-821 (1) (affirming defendant's conviction for aggravated assault where he threw a table at the victim); *Watson v. State*, 301 Ga. App. 824, 826 (689 SE2d 104) (2009) (holding that there was sufficient evidence to show that the defendant committed aggravated assault when he threw a glass bowl at the victim); *Sims v. State*, 296 Ga. App. 461, 463 (1) (675 SE2d 241) (2009) (finding in an aggravated assault case that "the evidence was sufficient to support an inference by the jury that [the defendant] had the requisite general intent to injure the deputy").

2. I. H. contends that the trial court erred by failing to merge certain counts in the delinquency petition. I. H. argues that the juvenile court erred by relying on *In the*

5

*Interest of M. J. F.*, 191 Ga. App. 792 (383 SE2d 173) (1989), to conclude that the doctrine of merger is inapplicable in juvenile court. We disagree.

"The doctrine of merger precludes the imposition of multiple punishments when the same conduct establishes the commission of more than one crime. While a defendant's conduct may constitute more than one crime, Georgia law bars conviction and punishment of more than one crime if one crime is included in the other." (Citation and punctuation omitted.) *Colbert v. State*, 345 Ga. App. 554, 558 (3) (813 SE2d 777) (2018). See OCGA § 16-1-7 ("When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be *convicted* of more than one crime if: [o]ne crime is included in the other; or [t]he crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.") (emphasis supplied).

In the context of juvenile court proceedings, "[a]n order of disposition or adjudication shall not be a conviction of a crime and shall not impose any civil disability ordinarily resulting from a conviction nor operate to disqualify the child in any civil service application or appointment." OCGA § 15-11-606. Once a juvenile court finds that a child has committed a delinquent act, the court does not sentence

6

the child; instead it must determine whether, "[s]uch child is in need of treatment, rehabilitation, or supervision." OCGA § 15-11-600 (a) (1) (A). In *In the Interest of M. J. F.*, this Court held that because of the unique nature of juvenile court proceedings and the fact that a disposition or adjudication order is not a conviction of a crime, the doctrine of merger is inapplicable. *In the Interest of M. J. F.*, 191 Ga. App. at 793 (5).

I. H. is a juvenile and he was neither convicted of anything nor did he receive multiple punishments for the same conduct. I. H. was found to be in need of rehabilitation, treatment, and supervision, and he was placed on specialized probation for his acts of delinquency as a whole. Accordingly, because the doctrine of merger does not apply to juvenile adjudications of delinquency, we find no merit in I. H.'s argument. See *In the Interest of M. J. F.*, 191 Ga. App. at 793 (5).[2]

*Judgment affirmed. Miller, P. J., and Reese, J., concur.*

---

[2] To the extent that *In the Interest of D. M.*, 307 Ga. App. 751, 753 (2) (706 SE2d 683) (2011), and *In the Interest of J. C.*, 255 Ga. App. 471, 473 (3) (566 SE2d 39) (2002), could be interpreted as authorizing the merger of juvenile adjudications of delinquency they are hereby disapproved of.