## A98A0536. MILLER v. THE STATE.
### (501 SE2d 42)

BLACKBURN, Judge.

Bobby Ray Miller appeals his conviction of theft by taking a motor vehicle. Miller raises several enumerations of error regarding the trial court's denial of his motion for new trial.

1. Initially, Miller asserts that the trial court violated his equal protection and due process rights when it denied his motion for a free transcript of his initial trial which concluded in a mistrial.

Pursuant to OCGA § 17-8-5 (b), "[i]n the event that a mistrial results from any cause in the trial of a defendant charged with the commission of a felony, the presiding judge may, in his discretion, either with or without any application of the defendant or state's counsel, order that a brief or transcript of the testimony in the case be duly filed by the court reporter in the office of the clerk of the superior court in which the mistrial occurred." Therefore, on appeal from the denial of a motion for a free transcript we must determine whether the trial court abused its discretion.

In *Britt v. North Carolina*, 404 U. S. 226 (92 SC 431, 30 LE2d 400) (1971), the United States Supreme Court stated that two factors are relevant in evaluating a defendant's claim of right to a free transcript: "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." Id. at 227. With regard to the first factor, the Supreme Court noted that it "ha[s] consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tailored to the facts of the particular case. . . . [E]ven in the absence of specific allegations it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways: as a discovery device in preparation for trial, and as a tool at the trial itself for the impeachment of prosecution witnesses." Id. at 228.

In the present case, in order to prepare for the retrial, the *State* ordered a transcript of the defendant's witnesses only. The State argues that because the defendant had access to its limited transcript, he was not harmed. This argument is specious. It is difficult to

imagine that it would be seriously put forth by the prosecution in this matter. While the defendant may have had a transcript of his *own* witnesses, he did not have any record of the testimony of the State's witnesses. Clearly, the latter has more value to the defendant while the former has more value to the State. It is obvious that a transcript of your own witnesses does not provide the value of assistance contemplated by OCGA § 17-8-5 (b) or the Supreme Court in *Britt*, supra. This is especially true in a case such as this where the defense counsel's motion for the transcript made it clear that a transcript was necessary for an effective defense as the jury from the first trial had not believed the testimony of one of the State's witnesses. Additionally, during the motion for new trial, defense counsel testified as to specific information a transcript would have provided to assist her in her cross-examination of a State's witness.

With regard to the second factor in *Britt*, supra, an adequate alternative to the transcript, the Supreme Court noted that a "defendant who claims the right to a free transcript does not . . . bear the burden of proving inadequate such alternatives as may be suggested by the State or conjured up by a court in hindsight." Id. at 230. The record before us contains no evidence of any alternative to a free transcript. In fact, defense counsel paid for the transcription of one of the State's witnesses out of personal funds because she knew the transcript would be necessary for the second trial.

The present case is distinguishable from *Chance v. State*, 172 Ga. App. 299, 303 (7) (322 SE2d 741) (1984), relied upon by the State. Therein, we determined that the trial court did not abuse its discretion in denying the defendant's motion for a free transcript of the first trial when the motion was made after the second trial had already begun and the only basis set forth was possible impeachment purposes that might arise during the second trial. Id. at 304. In the case before us, however, the defendant inquired about a transcript after the first trial and the motion for such was made after defense counsel was made aware that the State had ordered a limited transcript of the defense witnesses only. Under these facts the trial court abused its discretion in denying Miller's motion for a free transcript of the first trial. Therefore, the trial court erred in denying Miller's motion for new trial on this ground.

2. Miller contends that the State was improperly allowed to use two previous North Carolina convictions against him for the purpose of recidivist sentencing under OCGA § 17-10-7 (c). Such Code section pertinently provides that "any person who after having been convicted under the laws of . . . any other state . . . of three crimes which if committed within this state would be felonies, commits a felony within this state . . . must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided

in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served."

Miller argues that two of his previous convictions in North Carolina were for acts he committed prior to reaching 17 years of age, and that, therefore, in Georgia he would not have been convicted of the felonies, but would have been adjudicated delinquent. See OCGA § 15-11-2 (6). Miller contends that as he would not have been convicted in Georgia, the previous North Carolina convictions should not have been used against him for recidivist sentencing.

A defendant's juvenile records can be considered by a trial court in the sentencing phase after the conviction of a felony. See OCGA § 15-11-38 (b) and *Burrell v. State*, 258 Ga. 841, 844 (7) (376 SE2d 184) (1989). However, in the present case, the trial court used juvenile dispositions as felony convictions for the purpose of mandatory maximum sentencing pursuant to the recidivist statute. See OCGA § 17-10-7 (c). The plain terms of such statute require that the defendant be convicted of prior crimes which if committed in this state would be felonies. A juvenile is not convicted of felonies, but adjudicated a delinquent, based on delinquent acts. The trial court erred in using Miller's North Carolina juvenile record as felony convictions under our recidivist statute.

3. In light of our holding in Division 1, we need not address Miller's remaining enumeration of error.

*Judgment reversed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED APRIL 1, 1998.

*Patricia F. Angeli*, for appellant.

*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.