A98A1406. WOOTEN v. THE STATE.
(507 SE2d 202)

SMITH, Judge.

J. W. Wooten was indicted on charges of DUI and operating a motor vehicle after having been declared a habitual violator, a felony. OCGA § 40-5-58 (c). His first trial resulted in a hung jury, and a mistrial was declared. After a second jury trial, he was convicted on both counts. His motion for new trial was denied, and he appeals. Finding no error, we affirm.

1. Wooten raises the general grounds, arguing specifically that the evidence was insufficient to support his conviction because no direct evidence was presented to show that he had been driving the vehicle and the circumstantial evidence did not exclude every other reasonable hypothesis. We do not agree.

The evidence showed that Officer Richard Godfrey of the Clayton County Police Department was dispatched to investigate a possible accident in the early morning hours of April 27, 1996. It is true that the State presented no direct evidence that Wooten had driven the

---

vehicle. But Godfrey testified that when he arrived, he saw a red station wagon stuck in a ditch. Wooten was behind the wheel, the car was running, and the right rear wheel was spinning. It appeared to Godfrey that Wooten was trying to extricate the car from the ditch by "rocking" it. Wooten was the sole occupant of the car, and no other person was at the scene. Godfrey testified he was sure he saw Wooten attempting to drive the car out of the ditch. Wooten told Godfrey his "buddy" had driven the car into the ditch, but did not provide the name, address, or telephone number of the "buddy."

Wooten's clothing was in disarray, and he was unstable on his feet and swaying. Godfrey noticed "a very strong odor of alcoholic beverage." Wooten told Godfrey he had consumed "several beers," and Godfrey noticed that Wooten's speech was slurred. Wooten failed three field sobriety tests, and Godfrey placed him under arrest. After being read the implied consent warnings he refused the State-administered tests for alcohol. During Godfrey's investigation, Wooten did not produce a driver's license and stated that his license had been suspended. Godfrey ran a computer check, and he determined that Wooten had been declared a habitual violator.

First, regardless of whether Wooten had driven to the location where he was found by Godfrey, the evidence presented showed clearly that while under the influence of alcohol, Wooten was "in actual physical control of" a vehicle that Godfrey observed was being "rocked" back and forth. That conduct alone violated OCGA § 40-6-391 (a) (1).

Second, DUI may be shown by circumstantial evidence. *Walsh v. State*, 220 Ga. App. 514, 516 (469 SE2d 526) (1996). It is not necessary that the circumstantial evidence exclude every other hypothesis except that of guilt, but only reasonable inferences and hypotheses. It was for the jury to decide whether all reasonable hypotheses have been excluded. *Cantrell v. State*, 230 Ga. App. 693, 695 (498 SE2d 90) (1998); *Moore v. State*, 186 Ga. App. 381, 383 (1) (367 SE2d 239) (1988). The jury was not required to believe Wooten's testimony that another person had been driving. Matters of witness credibility are entirely within the jury's purview. *Walsh*, supra at 516. The evidence presented was sufficient.

2. Wooten asserts that the trial court erred in failing to grant his motion for new trial based upon juror misconduct. At the hearing on the motion, evidence was presented that a bailiff informed the jury foreman during the jury's deliberations that a previous trial had ended in a mistrial. The foreman informed others on the jury, but several jurors testified at the hearing that this information did not influence their verdict. One juror testified that it was a factor in her being able to reach a decision in this case but not the only factor. That juror also testified, however, that had she not known about the

mistrial she probably still would have reached a verdict. The trial court found that the jury did receive this improper information, but that although it may have spurred the jury's efforts to *reach* a verdict and caused them to scrutinize the evidence more carefully, it did not warrant a new trial.

Unauthorized communication to the jury does not vitiate an otherwise valid verdict unless it prejudices the defendant. *Dudley v. State*, 179 Ga. App. 252, 255 (3) (345 SE2d 888) (1986). The State has the burden of showing that the communication did not prejudice the defendant. *Martin v. State*, 242 Ga. 699, 701 (251 SE2d 240) (1978). In this case, the State carried its burden. The information imparted to the jurors in this case differs from that in the cases cited by Wooten. It was not extrajudicial evidence that bore on Wooten's guilt or innocence or involved the applicable law, and it could not be used by the jurors to become an unsworn witness against Wooten in violation of the Sixth Amendment. See *Moore v. State*, 179 Ga. App. 125, 126 (345 SE2d 631) (1986). The trial court did not abuse its discretion in ruling that the communication did not warrant a new trial.

3. Wooten contends the trial court erred when it denied him the opportunity to have a transcript of his first trial prepared at county expense so he could prepare for this trial. He claims this case is identical to *Miller v. State*, 231 Ga. App. 869 (501 SE2d 42) (1998), in which the defendant was represented by the same counsel representing Wooten. But Wooten did not raise this issue below, and we cannot consider it for the first time on appeal. The record on appeal shows nothing suggesting that he asked for such a transcript and was refused.[1]

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 18, 1998 — 

*Patricia A. Buttaro*, for appellant.

---

[1] We note that the circumstances of this case also appear to be distinguished from those present in *Miller*, where we concluded that the defendant was denied a free transcript in violation of *Britt v. North Carolina*, 404 U. S. 226 (92 SC 431, 30 LE2d 400) (1971). In this case, Wooten's counsel acknowledges that she made no written request for a transcript of the first trial, but admits she received a transcript of the first trial before the second trial began. Moreover, in *Miller*, the defendant received only a partial transcript that included only the testimony of defense witnesses. Id. at 869-870 (1). In its brief in this case, the State indicates that unlike the transcript in *Miller*, the transcript ordered by the State and given to defense counsel contained the testimony of both prosecution and defense witnesses.

*Robert E. Keller, District Attorney, Nancy T. Bircher, Assistant District Attorney*, for appellee.