### A99A2343. KIER v. THE STATE.
(525 SE2d 102)

McMURRAY, Presiding Judge.

Defendant was indicted for violating the Georgia Controlled Substances Act in that he did allegedly purchase cocaine from an undercover law enforcement officer. Defendant's first trial resulted in a hung jury and a mistrial. A second jury trial resulted in defendant's conviction. This appeal followed the denial of defendant's motion for new trial. *Held*:

Three and one-half months after defendant's first trial and two

---

weeks before his second trial, defense counsel filed a motion for the trial court to reconsider defendant's earlier oral request for a free transcript of his first trial. The trial court denied this motion in an order which provides that "no sufficient legal reason exists requiring the furnishing of a transcript to defendant or his attorney." Defendant challenges this order in his sole enumeration of error, pertinently arguing that the trial court's ruling cut off the only effective means he had for impeaching the State's only eyewitness.

We will not set aside a trial court's denial of an indigent defendant's motion for a free transcript absent an abuse of discretion. *Moreland v. State*, 213 Ga. App. 75, 76 (2) (443 SE2d 701). But we will measure the trial court's discretion by the standard set out in *Britt v. North Carolina*, 404 U. S. 226 (92 SC 431, 30 LE2d 400). The United States Supreme Court held in *Britt* that two factors are relevant to evaluating an indigent defendant's claim to a free transcript: (1) the transcript's value in connection with the defendant's trial or appeal, and (2) the accessibility of other means that would fulfill the same functions as a transcript. Id. at 227. Both factors must be weighed in the indigent defendant's favor absent a contrary showing in the record, but only where time in weighing the defendant's request does not appear to be a factor. *Miller v. State*, 231 Ga. App. 869 (1) (501 SE2d 42); see *Roper v. State*, 251 Ga. 95, 98 (7) (303 SE2d 103); *Chance v. State*, 172 Ga. App. 299, 303 (7) (322 SE2d 741).

The record in the case sub judice contains no factor which authorizes the trial court's finding that "no sufficient legal reason exists requiring the furnishing of a transcript to defendant or his attorney." On the contrary, defense counsel's request for a free transcript appears to have been asserted in timely fashion before defendant's second trial and within bounds of the two factors set forth in *Britt v. North Carolina*, 404 U. S. 226, supra. Indeed, this test's presumption that a free transcript would have been valuable to defendant at his second trial was heightened by the fact that the jury at defendant's first trial was unable to reach a verdict based on their apparent reluctance to believe one or more of the State's witnesses. Thus, with the absence of a showing that an alternative to a free transcript was available to defendant, we are compelled to hold that the trial court abused its discretion in denying defendant's motion for a free transcript. See *Miller v. State*, 231 Ga. App. 869 (1), supra. But this does not automatically require a new trial. Harm as well as error must be shown. *Gann v. State*, 190 Ga. App. 82, 86-87 (3) (378 SE2d 369). The controlling issue in the case sub judice, then, is whether a free transcript would have provided defendant with an effective tool for impeachment. Defendant argues that a transcript of his first trial would have been valuable to him because it would have enabled him to impeach the State's only eyewitness — Agent Zelda Gonzalez of

the Thomas County-Thomasville Narcotics Vice Division. We agree.

While defense counsel was attempting to authenticate a law enforcement surveillance recording of defendant's alleged undercover drug buy (a recording which reveals no criminal activity), Agent Gonzalez testified that she had viewed only a "small portion" of the video and that the portion she viewed depicted her with defendant only after his arrest. This testimony, however, cannot be accurate because the transcript of defendant's first trial reveals that Agent Gonzalez, during cross-examination, viewed the recording of defendant's alleged undercover drug buy. Indeed, the transcript of defendant's first trial shows that Agent Gonzalez admitted that this undercover video recording failed to reveal any criminal activity. Under such circumstances, we cannot say the trial court's denial of defendant's request for a free transcript constitutes harmless error. Agent Gonzalez was the State's only eyewitness, and her veracity was critical to the State's case.

The trial court erred in denying defendant's motion for new trial. *Judgment reversed. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 24, 1999.

*Copeland & Haugabrook, Karla L. Walker*, for appellant.
*J. David Miller, District Attorney, James B. Threlkeld, Assistant District Attorney*, for appellee.