A04A0572. STANLEY v. THE STATE.
(599 SE2d 331)

SMITH, Chief Judge.

Following a bench trial in the City Court of Atlanta, Joyce Stanley was convicted of violation of OCGA §§ 40-6-10 and 40-6-271. Before trial, the trial court determined that Stanley was indigent and issued an order appointing counsel for her. After the trial court entered its judgment of conviction and sentence, Stanley filed a request through appointed counsel to waive payment of her appeal bond. On the same date, she filed an "affidavit of poverty" reciting that her employment status had not changed. A few days later, she filed a request for a free transcript, which was summarily denied by the trial court. Stanley appeals from the denial of this request. She also contends on appeal that the record does not show that she intelligently waived her right to a jury trial. Although we find no merit with respect to the latter contention, we cannot determine whether the trial court exercised its discretion in denying Stanley's motion for a free transcript. We therefore affirm in part, vacate the trial court's order denying the motion, and remand this case for proceedings consistent with this opinion.

1. We first address Stanley's contention that the record does not show an intelligent waiver of her right to a jury trial. The record contains an affidavit signed by Stanley and her appointed counsel,

---

who continues to represent Stanley on appeal. The affidavit includes the following statement, which Stanley initialed: "I am knowingly and willfully waiving my right to a jury trial." As we stated in *Gardner v. State*, 261 Ga. App. 425 (582 SE2d 566) (2003), "[t]his Court has found such a waiver to be adequate. A waiver in open court is preferred, but it is not required. Under the circumstances, the record shows that [appellant] personally, voluntarily, knowingly, and intelligently participated in the decision to waive [her] right to a jury trial." (Footnotes omitted.) Id. at 426 (2).

2. We next address Stanley's argument that the trial court erred by summarily denying her request for a free copy of her transcript for use on appeal. Under OCGA § 5-6-41 (b), in misdemeanor cases, it is within the trial court's discretion to "require the reporting and transcribing of the evidence and proceedings by a court reporter." Id. See also *Hughes v. State*, 168 Ga. App. 413, 414 (1) (309 SE2d 409) (1983). It appears from the record that the proceedings in this case were reported. The central question on appeal is whether the trial court erred in denying Stanley's motion for a free transcript of the evidence. Although this is a matter of discretion,

> we will measure the trial court's discretion by the standard set out in *Britt v. North Carolina*, 404 U. S. 226 (92 SC 431, 30 LE2d 400) [(1971)]. The United States Supreme Court held in *Britt* that two factors are relevant to evaluating an indigent defendant's claim to a free transcript: (1) the transcript's value in connection with the defendant's trial or appeal, and (2) the accessibility of other means that would fulfill the same functions as a transcript. Id. at 227. Both factors must be weighed in the indigent defendant's favor absent a contrary showing in the record, but only where time in weighing the defendant's request does not appear to be a factor.

(Citations omitted.) *Kier v. State*, 240 Ga. App. 152, 153 (525 SE2d 102) (1999).

The only evidence in the scant record concerning Stanley's financial circumstances shows that she was declared indigent before trial and that her financial circumstances remained unchanged at the time she appealed from the judgment entered against her. The record is silent as to whether the trial court considered the factors discussed in *Kier*, supra. Under these circumstances, we simply cannot determine whether the trial court exercised its discretion in denying Stanley's request for a free transcript. We therefore vacate

the trial court's order denying the request and remand to the trial court for proceedings consistent with this opinion.[1]

*Judgment affirmed in part and vacated and remanded in part. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 12, 2004.

James C. Bonner, Jr., Candace L. Byrd, *for appellant.*
*Joseph J. Drolet, Solicitor-General, Frank T. Gomez, Assistant Solicitor-General, for appellee.*

---

[1] We note the State's concession in its appellate brief that remand is necessary "[i]f this Court finds that the trial court's order was inadequate."