625 S.E.2d 485 (2005)
277 Ga. App. 74
In the Interest of R.J.S., a child.
No. A05A1904.
Court of Appeals of Georgia.
December 16, 2005.
Ricardo G. Samper, Newnan, for Appellant.
Michael E. Hobbs, Deputy Attorney General, for Appellee.
PHIPPS, Judge.
The juvenile court adjudicated 15-year-old R.J.S. delinquent for acts, which, if committed by an adult, would have constituted two counts of armed robbery and one count of obstruction of a law enforcement officer.[1] *486 On appeal, R.J.S. challenges the sufficiency of the evidence. Because we find that the evidence was sufficient, we affirm.
When considering the sufficiency of the evidence to support a juvenile court's adjudication of delinquency, this court applies the standard set forth in Jackson v. Virginia.[2] Thus, we construe the evidence in favor of the juvenile court's findings and determine whether a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged.[3] We do not resolve conflicts in the evidence or determine the credibility of the witnesses. Those issues are for the juvenile court to decide.[4]
Viewed in a light favorable to the juvenile court's findings, the evidence showed that on December 2, 2004, a male wearing jeans, a dark jacket, and a black ski mask concealing his face approached two women, threatened them with a knife, and took their purses. He then walked away, and one of the women called the police. When he saw her using the telephone, he started running.
A responding police officer, who had been told that the perpetrator was a black male wearing jeans, a black coat, a ski mask, and a black stocking cap, spotted a black male wearing a black coat and a black stocking cap running about three blocks from the crime scene. The officer activated the blue lights of his vehicle, followed the male in the cruiser, and then chased him on foot, ordering him to stop. As the officer rounded a corner during the foot chase, he noticed a ski mask and a black stocking cap lying on the ground. The officer caught the fleeing suspect and identified him at trial as R.J.S.
One of the two victims testified that, within five minutes of reporting the incident, police brought a suspect to them and asked whether the person was the perpetrator. Both victims observed that the person was wearing the same clothing as was the perpetrator and therefore told police that he possibly was the one.
R.J.S. denied that he took any purse at knifepoint. He claimed and presented witnesses who testified that he had been at his girlfriend's home that evening. R.J.S. testified that as he was walking from his girlfriend's home, he saw a police car and merely "stepped back"; an officer ordered him to stop; and he complied.
On appeal, R.J.S. argues that the evidence against him was entirely circumstantial and failed to exclude every other reasonable hypothesis except that he committed the acts underlying his adjudication of delinquency.[5] It was for the factfinder, here the juvenile court, to decide whether all reasonable hypotheses were excluded.[6] The juvenile court was not required to believe R.J.S. and his witnesses, as matters of witness credibility are entirely within the factfinder's purview.[7] Furthermore, the officer's identification of R.J.S. as the person who fled from him despite being ordered to stop was direct evidence that R.J.S. committed an act, which, if committed by an adult, would have constituted obstruction. Regarding the other two acts, we find that the juvenile court was authorized to reject R.J.S.'s version of events because of evidence that R.J.S. was spotted within a few blocks of where the perpetrator took the women's purses and within five minutes of the occurrence; that he fled from police; that five minutes after the incident, he was wearing the same clothing as that worn by the perpetrator; and that a ski mask and a black stocking cap were discovered on ground that R.J.S. had traversed shortly before. Because the evidence was sufficient to place R.J.S. at the scene as the male who took the women's *487 purses at knifepoint and to find that he continued to flee from a law enforcement officer despite having heard the officer's order to stop, there is no merit in his contention that the evidence was insufficient to support the juvenile court's adjudication of delinquency.[8]
Judgment affirmed.
ANDREWS, P.J., and MIKELL, J., concur.
NOTES
[1] OCGA § 16-8-41(a) (armed robbery is committed when a person, with intent to commit theft, takes property of another from the person or the immediate presence of another by use of an offensive weapon); OCGA § 16-10-24 (obstruction is committed when a person knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duty).
[2] 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); In the Interest of T.N., 254 Ga.App. 330, 331, 562 S.E.2d 374 (2002).
[3] In the Interest of R.H., 266 Ga.App. 751, 598 S.E.2d 369 (2004).
[4] Id.
[5] See In re E.A.D., 271 Ga.App. 531, 532, 610 S.E.2d 153 (2005).
[6] See Wooten v. State, 234 Ga.App. 451, 452(1), 507 S.E.2d 202 (1998).
[7] See id.
[8] See In the Interest of S.D.T.E., 268 Ga.App. 685, 687(1), 603 S.E.2d 316 (2004); In the Interest of R.H., supra at 752-753, 598 S.E.2d 369; Johnson v. State, 264 Ga.App. 889, 891-892(2), 592 S.E.2d 507 (2003).