A06A1943. IN THE INTEREST OF C. N. S., a child.
(637 SE2d 500)

MIKELL, Judge.

Following his adjudication of delinquency for committing the offenses of criminal attempt to commit armed robbery, aggravated assault, pointing a gun at another, and possession of a gun by a minor, C. N. S. appeals, arguing that the evidence was insufficient to show that he was involved in the commission of the delinquent acts. Finding no merit to this argument, we affirm.

When considering the sufficiency of the evidence to support a juvenile court's adjudication of delinquency, this court applies the standard set forth in *Jackson v. Virginia*. Thus,

we construe the evidence in favor of the juvenile court's findings and determine whether a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged. We do not resolve conflicts in the evidence or determine the credibility of the witnesses. Those issues are for the juvenile court to decide.[1]

Viewed in the light most favorable to support the adjudication of the juvenile court, the evidence shows that on January 9, 2006, at approximately 4:00 p.m., Gregory Scott and Crystal Ross were walking near Bailey Street Park in Waycross, when C. N. S. called for Scott to join him behind a building. When Scott complied, C. N. S. pulled out a gun, began arguing with Scott and demanded to see his "grill" or gold mouthpiece. After Ross broke up the argument, she and Scott went to "hang out" at the park. Ten minutes later, C. N. S. appeared at the park waving the gun in the air. He fired one shot from the gun and then put the gun to Scott's neck and threatened to shoot him if he did not "give up" his cell phone, chain, and money. When Scott refused, C. N. S. handed the gun to a boy on a bicycle and walked away.

Detective Larry Hill of the City of Waycross Police Department responded to the scene and spoke with Scott and Ross. Ross told Hill that C. N. S. had fired a gun and tried to rob Scott. Scott told Hill that C. N. S. had demanded his gold teeth, a cell phone, and money, but that he did not want to press charges. Officers searched C. N. S. but did not find a weapon. Later that evening, around 8:00 p.m., Scott went to the police station and filed a formal complaint.

C. N. S. testified that he and Scott were in the same detention center and that there were bad feelings between them resulting from a fist fight between C. N. S. and Scott's sister and brother-in-law. C. N. S. denied any involvement in the incidents on January 9.

Applying the standard of *Jackson v. Virginia*,[2] the record reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that C. N. S. committed the crimes alleged.

C. N. S. contends that the evidence was insufficient because there was no physical evidence tying him to the scene; no gun was ever found on his person; Scott delayed reporting the incident; and the "bad blood" between Scott and C. N. S. motivated Scott to frame C. N. S. These claims, however, were raised by defense counsel during cross-examination of the witnesses, alluded to during C. N. S.'s testimony, and obviously rejected by the juvenile court. "The juvenile

---

[1] (Footnotes omitted.) *In the Interest of R. J. S.*, 277 Ga. App. 74 (625 SE2d 485) (2005).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

judge, as factfinder, is authorized to believe or disbelieve all or any part of the testimony of witnesses, and it serves as the arbiter of conflicts in the evidence before it."[3] Here, the juvenile judge evidently disbelieved C. N. S.'s testimony and protestations of innocence, which he is authorized to do.[4]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED OCTOBER 18, 2006.

*Talethia R. Weekley*, for appellant.
*Richard E. Currie, District Attorney, Venita S. McCoy, Assistant District Attorney*, for appellee.

---

[3] (Citation and punctuation omitted.) *In the Interest of J. D. T.*, 262 Ga. App. 860, 864 (2) (586 SE2d 748) (2003).
[4] *In the Interest of A. L.*, 255 Ga. App. 215, 216 (1) (564 SE2d 823) (2002).
[1] (Citations and punctuation omitted.) *Postell v. State*, 279 Ga. App. 275, 276 (1) (630 SE2d 867) (2006).