673 S.E.2d 280 (2009)
In the Interest of R.S., a child.
In the Interest of C.S., a child.
Nos. A08A2401, A08A2402.
Court of Appeals of Georgia.
January 28, 2009.
Michelle R. Clark, Stockbridge, for Appellant (case no. A08A2401).
*281 Frederick S. Jones, for Appellant (case no. A08A2402).
Tommy Kenneth Floyd, McDonough, Sandra Graves Rivers, Mary Edna Evans-Battle, for Appellee.
MIKELL, Judge.
Following a bench trial on February 28, 2008, juveniles R.S. and C.S. were adjudicated delinquent for the offenses of armed robbery, aggravated assault, and possession of a firearm during the commission of a crime, based on a robbery and shooting which occurred at a gas station in Henry County. R.S. appeals the adjudication of delinquency in Case No. A08A2401, and C.S. appeals in Case No. A08A2402. Among other errors, both juveniles challenge the sufficiency of the evidence to support the court's judgment. Finding no error, we affirm the juvenile court's adjudication of delinquency in both cases.
When reviewing the sufficiency of evidence supporting a juvenile court's adjudication, we apply the same standard of review used in criminal cases. We construe the evidence in favor of the court's adjudication and determine if a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged.[1]
So construed, the evidence shows that on the evening of July 24, 2006, Rakesh Kanotra was robbed at gunpoint and shot at point blank range while he was working at a gas station in Henry County. According to his testimony, he was alone in the station when an individual with a handkerchief covering part of his face entered the station and held a gun on Kanotra. This individual was later identified as C.S. A second individual, later identified as R.S., acted as lookout at the station's other door. Kanotra testified that both juveniles had their hair in similar one- or two-inch-long braids. C.S. approached Kanotra and held the gun at Kanotra's chest, but said nothing; Kanotra, in fear for his life, opened the cash register and handed the cash therein to C.S. C.S. then opened fire and shot Kanotra in the face, causing severe injury. A videotape of the robbery and shooting, recorded on the gas station's security video camera, was entered into evidence and played for the juvenile court at the delinquency hearing.
A few days after the robbery, Detective David Allen Ferguson, the investigating officer for the Henry County Police Department, showed Kanotra a photographic array of six subjects, including a photograph of C.S. The array did not contain a photograph of R.S. At that time, Kanotra circled two photographs on the array as the ones that looked most like the person who shot him; one of the photographs circled was that of C.S. At trial, Kanotra identified R.S. as the lookout.
Detective Ferguson testified that when he interviewed C.S. the day after the robbery, C.S.'s hair was close-cropped and cut unevenly, close to the skin in spots; and that an area of longer hair remained along the collar line. A photograph of C.S., showing the short, uneven haircut, was identified by the officer as having been taken three days after the robbery, and was introduced into evidence at trial.
Testifying for the state were two witnesses who were shown the security videotape by the police during the investigation of the robbery: Markco Jenkins, who lived in the same apartment building as R.S. and who knew both C.S. and R.S.; and D.B., a 14-year-old who knew C.S. and R.S. because she had attended school with them. Jenkins testified at trial that in the videotape he recognized C.S. as the gunman and R.S. as the lookout. He recognized C.S. in the video by the braids in his hair, which were about two inches long, and by the upper half of his face, the rest being obscured by a covering. Jenkins further testified that since the robbery, C.S. had changed his hairstyle and that his hair was now quite short. When D.B. was shown the security videotape shortly after the robbery, she gave the police a statement in which she identified, to a 100 percent certainty, the shooter in the video as C.S. and the "guy at the door" as R.S. At trial, however, D.B. testified that her statement *282 was just what the police had told her to write.
The juvenile court found that C.S. committed the offenses named, and that R.S. also committed the offenses as a party to the crime. C.S. and R.S. appeal.

Case No. A08A2401
1. In two enumerations of error, R.S. contends that the juvenile court erred in denying his motion for a directed verdict at the close of the state's evidence, and that the evidence was insufficient to support the court's adjudication of guilt beyond a reasonable doubt. We will address both these asserted errors together, because "the standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support an adjudication."[2]
R.S. contends that the evidence was insufficient because Kanotra, the only eyewitness to the crime, admitted shortly after the robbery that he did not get a good look at the second suspect, the lookout. Later, at trial, Kanotra identified R.S. as the one acting as lookout during the robbery. He testified that he was able to identify R.S. when he saw him in person at trial. Because "issues of the credibility of the witnesses and the resolution of conflicts in the evidence fall within the province of the trial court,"[3] and because on appeal this Court does not weigh the evidence or determine the credibility of witnesses,[4] we conclude that the evidence presented at trial and summarized above was sufficient to support the juvenile court's adjudication of delinquency as to R.S. beyond a reasonable doubt, under the standard of Jackson v. Virginia.[5]
2. R.S. argues that the identification evidence from the victim, Kanotra, as well as the identification testimony of Jenkins and D.B., should have been excluded as unreliable under the totality of the circumstances. However, R.S. failed to object at trial to the introduction of this evidence, and has thereby waived consideration of this asserted error on appeal.[6] "Objections to evidence must be made at the time the evidence is offered; otherwise, any issue as to admissibility is waived.... Objections not raised at trial cannot be raised for the first time on appeal."[7]

Case No. A08A2402
3. C.S. argues that the evidence was insufficient to support the juvenile court's adjudication of delinquency. We conclude that the evidence sustained the court's finding that C.S. committed the three offenses named in the petitions.
"A person commits the offense of armed robbery when, with intent to commit theft, he ... takes property of another from the person or the immediate presence of another by use of an offensive weapon."[8] Here, the evidence shows that C.S. used a gun to intimidate Kanotra into handing over cash from the gas station's cash register. This evidence is sufficient to support his adjudication of armed robbery.[9]
A person commits "aggravated assault when he ... assaults [w]ith a deadly weapon ... which, when used offensively against a person, is likely to or actually does result in serious bodily injury."[10] In this case, the evidence shows that C.S. used a firearm to threaten and shoot Kanotra in the face, resulting in serious and lasting injury. *283 Thus, the juvenile court's judgment that C.S. committed aggravated assault was supported by sufficient evidence.[11]
As to possession of a firearm during the commission of a felony,[12] the evidence was sufficient to show that C.S. was in possession of a firearm during the commission of the other offenses.[13]
C.S. points to conflicts in the testimony given by Kanotra, Jenkins, and D.B., to support his contention that the evidence against him is insufficient. However, the juvenile court heard and considered the evidence given by these witnesses. Further, C.S. had ample opportunity to cross-examine the witnesses and to bring the conflicts in their testimony to the attention of the judge. "The juvenile judge, as factfinder, is authorized to believe or disbelieve all or any part of the testimony of witnesses, and it serves as the arbiter of conflicts in the evidence before it."[14] In this case, the juvenile judge, acting as factfinder, evidently resolved conflicts in the testimony against C.S., which he was authorized to do.[15]
4. C.S. also challenges the identification testimony presented at the bench trial. He contends that Kanotra's testimony identifying C.S. as his attacker was unreliable eyewitness testimony. C.S. further contends that the identification of C.S. by Jenkins and D.B., based on their observation of the security videotape, should have been excluded on the grounds that it constituted an invasion of the province of the jury. There was no jury in C.S.'s bench trial before the juvenile court judge. C.S.'s challenge to this testimony fails, because C.S. did not object to the testimony at the time it was introduced. Thus, for the reasons stated in Division 2 above, C.S. has waived consideration of this error on appeal.
Judgments affirmed.
SMITH, P.J., and ADAMS, J., concur.
NOTES
[1] (Citations and footnote omitted.) In the Interest of D.T., 294 Ga.App. 486(1), 669 S.E.2d 471 (2008). See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[2] (Citation and punctuation omitted.) In the Interest of C.S., 251 Ga.App. 411, 412, 554 S.E.2d 558 (2001). Accord In the Interest of B.D., 287 Ga.App. 185, 186, 651 S.E.2d 129 (2007).
[3] (Citation and punctuation omitted.) In the Interest of A.A., 293 Ga.App. 827, 829, 668 S.E.2d 323 (2008).
[4] Id. Accord In the Interest of C.N.S., 282 Ga. App. 3, 4, 637 S.E.2d 500 (2006).
[5] Supra.
[6] See In the Interest of K.D.J., 246 Ga.App. 500, 501(1), 540 S.E.2d 682 (2000).
[7] (Punctuation and footnotes omitted.) Id.
[8] OCGA § 16-8-41(a).
[9] See In the Interest of R.J.S., 277 Ga.App. 74, 76, 625 S.E.2d 485 (2005) (adjudication of delinquency for offense of armed robbery sustained where juvenile took victims' purses at knife-point).
[10] OCGA § 16-5-21(a)(2).
[11] See In the Interest of D.T., supra (evidence showing that defendant struck victim unconscious and caused her serious bodily injury supported court's finding of aggravated assault).
[12] OCGA § 16-11-106(b)(1) ("Any person who shall have on ... his ... person a firearm ... during the commission of ... [a]ny crime against or involving the person of another ..., and which crime is a felony, commits a felony").
[13] See In the Interest of M.D.L., 271 Ga.App. 738, 741(1)(d), 610 S.E.2d 687 (2005) (delinquency adjudication for possession of a weapon during a crime sustained where witness testified that defendant was the shooter).
[14] (Punctuation and footnote omitted.) In the Interest of C.N.S., supra at 4-5, 637 S.E.2d 500.
[15] Id. at 5, 637 S.E.2d 500.