A09A1730. IN THE INTEREST OF J. R., a child.
(685 SE2d 397)

JOHNSON, Presiding Judge.

After an adjudicatory hearing, a juvenile court found 17-year-old J. R. to be delinquent by virtue of having committed acts that, if committed by an adult, would constitute three counts of selling cocaine. J. R. appeals, contending that the evidence was insufficient to support the judgment and that the trial court erred in denying his motion for a directed verdict of acquittal. For the reasons that follow, we affirm.

> When reviewing the sufficiency of evidence supporting a juvenile court's adjudication, we apply the same standard of review used in criminal cases. We construe the evidence in favor of the court's adjudication and determine if a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged.[1]

In addition, the standard of review for the denial of J. R.'s motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support an adjudication.[2]

So viewed, the evidence shows that Georgia Bureau of Investigation (GBI) agents participated in an undercover narcotics investigation in Laurens County during the fall of 2007. On October 30, 2007, an undercover agent went to an area outside an apartment complex where drug activity was suspected. There, he saw J. R. take a bag of crack cocaine out of his pocket, break off a piece, and hand the piece of cocaine to another individual who sold the drugs to the agent. During the transaction, the agent entered into a conversation with J. R., and J. R. provided the officer with his telephone number.

---

[1] (Footnote omitted.) *In the Interest of R. S.*, 295 Ga. App. 772 (673 SE2d 280) (2009).

[2] Id. at 774 (1).

On November 7, 2007, the GBI agent called J. R. on the telephone and arranged another drug transaction to take place in the same area. That afternoon, the agent went to the area at the designated time and saw J. R. put something in the hands of another individual. As J. R. stood approximately 20 yards away, the other person approached the agent and provided him with crack cocaine that was in her hands. The agent provided the person with money in exchange for the drugs, and he saw her walk to J. R. and hand him the money.

On November 8, 2007, the GBI agent called J. R. again on the telephone to arrange a drug transaction. J. R. suggested a new place to make the transaction and told the officer someone would meet him there. A police officer testified that he saw J. R. approach the designated area on his bicycle and hand something to another individual. The undercover GBI agent also went to the location, where he was met by an individual who provided him with crack cocaine. Another police officer testified that he witnessed the transaction between the GBI agent and the individual, whom he identified as J. W., and that he saw J. W. walk directly from the GBI agent to J. R., who was waiting nearby, and hand something to J. R. The police officer who had initially seen J. R. approach on his bicycle and make a transaction with J. W. also testified that he watched J. R. wait for the other youth to return and that he witnessed the transaction between the two youths a short time later. Finally, an agent with the GBI crime lab testified that the drugs purchased by the GBI agent on October 30, November 7, and November 8 each tested positive as being cocaine.

OCGA § 16-2-20 (a) provides that "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." A person is concerned in the commission of a crime if he directly commits the crime or intentionally aids or abets in the commission of the crime.[3] Also, "(w)hether a person is a party to a crime may be inferred from that person's presence, companionship, and conduct before, during, and after the crime."[4] As a result, the evidence presented was more than sufficient for a rational trier of fact to find J. R. delinquent beyond a reasonable doubt for having committed the offenses as charged.[5]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

---

[3] OCGA § 16-2-20 (b) (1), (3).

[4] (Citation and punctuation omitted.) *In the Interest of B. M.*, 289 Ga. App. 214, 215 (656 SE2d 855) (2008).

[5] Id.

DECIDED OCTOBER 8, 2009.

*Keri F. Thompson*, for appellant.
*Louie C. Fraser, District Attorney, Terry F. Holland, Assistant District Attorney*, for appellee.