## A10A2046. THOMAS et al. v. THE STATE.
(707 SE2d 870)

SMITH, Presiding Judge.

Shevon Thomas II and Adrian Thomas ("the appellants") were jointly indicted on charges of possession of marijuana, possession of marijuana with intent to distribute, possession of a firearm during the commission of a crime, and criminal use of an article with an altered identification mark. They pled not guilty, and their trial began on October 26, 2009. A mistrial was declared during the testimony of the State's first witness. The appellants then filed a plea in bar alleging that because the prosecutor goaded the witness into commenting on Adrian Thomas's right to remain silent, they could not be retried. Following a hearing, the trial court denied the plea in bar, prompting this appeal. For the following reasons, we affirm.

1. The appellants first complain that the trial court erred in finding that their notice of appeal was filed prematurely. The appellants filed their notice of appeal on April 22, 2010, but the trial court's order was not filed until May 14, 2010. "A prematurely filed notice of appeal is treated as effective upon the filing of the order or judgment appealed." *In the Interest of J. D. A.*, 267 Ga. App. 103 (598 SE2d 842) (2004). Therefore, the appellants have shown no harm in

the trial court's finding as their notice of appeal has since become timely. See id.

2. In several enumerations, the appellants complain of the trial court's findings and rulings with regard to the denial of their plea in bar. But in the absence of the trial transcripts, we must affirm.

The record reveals that, although the appellants' notice of appeal states that "a transcript of evidence is to be included with the record on appeal," no transcripts of the trial were filed with the trial court. On July 19, 2010, this court granted the appellants' motion to supplement the record with "the transcript of Officer Kris Sutton, the transcript labeled Partial Transcript from trial, and the transcript labeled Jury Trial from October 26, 2009 through October 28, 2009." But on July 23, 2010, we vacated the grant of that motion after review of the State's motion for reconsideration arguing that it is the appellants' responsibility to ensure that the transcript is filed in the trial court. On August 10, 2010, the court reporter filed a letter addressed to the deputy court clerk supervisor stating that he advised trial counsel on June 1, 2010, that the trial transcripts were available upon payment, and that as of August 4 he was still awaiting further action from trial counsel.[1]

OCGA § 17-8-5 (b) provides that

> [i]n the event that a mistrial results from any cause in the trial of a defendant charged with the commission of a felony, the presiding judge may, in his discretion, either with or without any application of the defendant or state's counsel, order that a brief or transcript of the testimony in the case be duly filed by the court reporter in the office of the clerk of the superior court in which the mistrial occurred.

It is clear from the record here that the trial court chose not to order that the trial transcripts be filed.[2] It was therefore appellants' responsibility to pay for and obtain the transcripts for filing with the clerk of the trial court. See id. Because the appellants have failed to have the trial transcripts filed with the trial court, and they are essential to this court's review of the issues related to the appellants' plea in bar, we must assume the trial court's judgment was correct and affirm. See *Quarterman v. Lee*, 291 Ga. App. 603, 603 (662 SE2d 234) (2008); *Wright v. State*, 215 Ga. App. 569, 570 (2) (452 SE2d 118) (1994).

3. The appellants argue that the trial court erred in its finding

---

[1] The appellants claim that payment was mailed to the court reporter.

[2] We note that the appellants do not claim that they are indigent and did not move for a free transcript. See *Miller v. State*, 231 Ga. App. 869, 869 (1) (501 SE2d 42) (1998).

that the trial transcripts referenced during the plea in bar hearing were not before the trial court as evidence. But as we have held in Division 2, it was the appellants' duty to cause the transcript to be prepared and filed for review following the mistrial. Because the appellants failed to do so, we cannot say that the trial court erred in its finding.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 9, 2011 — 

*Marsha W. Mignott, Tony Hedge*, for appellants.
*Tracy Graham-Lawson, District Attorney, Anece Baxter White, Assistant District Attorney*, for appellee.